THE STATE, EX REL. HERTZ CORP., APPELLANT, *v.* RICE, REGISTRAR, BUREAU OF MOTOR VEHICLES, APPELLEE.

(No. 40811—Decided April 3, 1968.)

36

*Messrs. Cobourn, Smith, Falvey, Rohrbacher & Gibson* and *Mr. Fred A. Smith, Messrs. McLeskey & McLeskey* and *Mr. Claude W. McLeskey,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. William H. Grubbs* and *Mr. John T. Davidson,* for appellee.

SCHNEIDER, J. The attempt by Hertz to obtain an Ohio motor vehicle certificate of title apparently arises from a misunderstanding of the meaning of Section 4505.-04, Revised Code, which provides:

"No person *acquiring* a motor vehicle from the owner thereof, whether such owner is a manufacturer, importer, dealer, or otherwise, shall *acquire* any right, title, claim, or interest in or to said motor vehicle until such person has had issued to him a certificate of title to said motor vehicle, or delivered to him a manufacturer's or importer's certificate for it * * *.

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle *sold or disposed of, or mortgaged or encumbered,* unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code.

"(B) By admission in the pleadings or stitpulation of the parties." (Emphasis supplied.)

The statute applies only to motor vehicles sold, encumbered, or disposed of in Ohio.[1] This was made clear

---

[1]Section 4505.10, Revised Code, applies to a change of ownership of a motor vehicle by operation of law.

when the constitutionality of the Ohio Motor Vehicle Certificate of Title Act was first upheld in *State, ex rel. City Loan & Savings Co.,* v. *Taggart,* 134 Ohio St. 374, where it is said, at page 379:

"No extra-territorial scope may be given to these [certificate of title act] sections. The law must be limited in its operation to those manufacturers, etc., who are subject to the jurisdiction of Ohio, and to those persons in Ohio who are obligated to secure a certificate of title under the law of this state."

The second sentence of Section 4505.06, Revised Code, reads: "Such application [for a certificate of title] shall be filed with the clerk of the Court of Common Pleas of the county in which the applicant resides if the applicant is a resident of this state or, if not a resident, in the county in which the transaction is consummated." Under that language, we are unable to understand how, in these circumstances, the registrar could properly issue a certificate of title to Hertz. Although, as a foreign corporation authorized to do business in the state, Hertz may be said to be a "resident," it does not intend to station or regularly use the vehicle here nor has it been so used;[2] nor was Hertz involved in any transaction consummated in this state. The alleged conversion of its property here is not

---

[2]Section 4503.11, Revised Code, requires registration (a license and the tax paid therefor) in this state by an "owner or chauffeur of a motor vehicle operated or driven upon the public roads or highways." Section 4503.37, Revised Code, exempts the owner and driver from this requirement if the Reciprocity Board, created by Section 4503.36, Revised Code, has issued a certificate of reciprocity to the state, district, county, or sovereignty other than this state, in which the motor vehicle is duly registered.

The registration (license) will be refused unless the applicant produces "proper bills of sale or sworn statement of ownership or proper certificate thereof or certificate of title or memorandum certificate" pursuant to Section 4503.10, Revised Code. Under that section, it would appear that an Ohio certificate of title would be required where the motor vehicle acquires a situs in Ohio, thereby not falling within the exemptions of Section 4503.37, Revised Code.

a "transaction" of such character as would entitle, or require, Hertz to obtain another (Ohio) certificate of title which could add nothing to the validity of its Michigan certificate of title.

The general rule concerning tangible movables is that "the law of the state in which the property is located at the time of the transaction in question determines the creation and transfer of interests in tangible chattels. * * * An interest thus created will be recognized in another state to which the thing is subsequently taken, even though by the law of the second jurisdiction no title would have been acquired." Goodrich and Scoles, Conflict of Laws, 303 and 305, Sections 153 and 154. See, also, Restatement of the Law, Conflict of Laws, 338 to 343, Property, Sections 255 to 259.

The Michigan certificate of title held by Hertz is evidence in this state of its ownership to the automobile in question. Its admission in evidence in an action in this state would not conflict with Section 4505.04, Revised Code, since Hertz does not claim ownership by a purchase or any other transaction consummated in Ohio.[3] On the other hand, its introduction in evidence in a proper action would not guarantee a recovery of the vehicle by Hertz. Ohio law governs the subsequent transactions occurring in Ohio and determines whether or not Hertz is barred from asserting its Michigan ownership against a subsequent bona fide purchaser for value without notice.

---

[3]Although it was held in *Mielke* v. *Leeberson,* 150 Ohio St. 528, that a plaintiff could not recover for damages to his automobile "without the production of a certificate of title * * * duly issued in accordance with the [Ohio] Certificate of Title Law," no question of an out-of-state title was present in the case. It would seem that the broad syllabus in that case is inapplicable where the plaintiff alleges damages to the motor vehicle of which he is the owner by virtue of, for example, a Michigan certificate of title, and he alleges that the vehicle is regularly used and operated in that state, is subject to its registration laws and, therefore, exempt from the registration laws of Ohio. See footnote 2. See, also, *Gibson* v. *Bolner,* 165 Ohio St. 357.

In its brief, Hertz explains the purpose of this action, viz.: "Relator does not intend to, and is not trying to, replevy the automobile from Brisbin, who now possesses it. Relator does intend to bring suit for conversion against Weissenberger Chevrolet, who acquired relator's motor vehicle from the thief, Diamond; and this action is a necessary preliminary to such suit against Weissenberger Chevrolet for conversion." (Hertz contends that Weissenberger should have recognized Diamond's eagerness to unload the automobile at any price, and if not, the $700 differential between the alleged value of $2,600 and the price paid by Weisenberger should have aroused its suspicions.)

We see no impediment to Hertz bringing an action for conversion against Weissenberger based on constructive notice of the conversion by Diamond without an Ohio certificate of title as evidence of ownership. We have never held that, under the Ohio Motor Vehicle Certificate of Title Act, a converter or one taking from him with notice of the conversion can defeat the owner's right to recoup his loss in an action for conversion by showing that he holds, or has held, a subsequently issued and presumptively valid certificate of title.

Thus, the Court of Appeals correctly sustained the demurrer to that part of the petition seeking to compel the registrar to issue an Ohio certificate of title to Hertz. None was necessary to accomplish Hertz's avowed objective.

Ordinarily, our decision would not be limited by the private purposes of the petitioner. However, there is a further impediment to our considering whether the registrar should be compelled "to cancel the heretofore improperly issued certificates of title" or even to proceed with the investigation provided by Section 4505.17, Revised Code. Although Hertz concedes that an innocent and bona fide purchaser has possession of the car under the last Ohio title extant, he (Brisbin) has not been made a party hereto (see *Nat'l Surety Co.* v. *Bohn*, 125 Ohio St.

537), and the facts upon which we are asked to determine his rights have been agreed to, not by him, but by the respondent; and it is the latter who presumes to defend the interests of that absent party. We deem this presumptuous, particularly since we do not agree with the basic premise of the respondent, as quoted in the recital of facts, to the extent that he makes an invidious distinction between the holder of an Ohio motor vehicle certificate of title and the holder of a similar instrument issued by a sister state.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.