(No. 43294.— ▮▮▮▮▮)

CECILIA. ETIENNE AUD, Appellee, *vs.* WILLIAM ETIENNE *et al.,* Appellants.

*Opinion filed November 18, 1970.*

DENEEN A. WATSON, of Harrisburg, for appellants.

CECILIA ETIENNE AUD, of Shawneetown, *pro se.*

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal by defendants, William Etienne and Gloria Etienne, from an order of the circuit court of Saline County in a *habeas corpus* proceeding. The court decreed that the petitioner, Cecilia Etienne Aud, was entitled to visitation rights with her two children, aged nine and eleven years, and further specifically provided that she should have the children on the 2nd and 4th week-ends of each month from 10 A.M. Saturday until 6 P.M. on Sunday, for two weeks in the summer of 1969 and for four weeks each summer thereafter, and that, at her option, she should have them on Christmas Eve and Easter Eve from 5 P.M. to 9 P.M., or, in the alternative, in the afternoon of Christmas and Easter.

In the main, defendant William Etienne contends that the court erred in not finding that the petitioner had forever forfeited her visitation rights by originally abandoning her children and by failing to visit them over a considerable time thereafter.

In October, 1962, while living in Indiana, petitioner left her husband and children, and in September, 1963, she obtained a divorce from him. The Indiana decree awarded custody of the children to her husband and granted her reasonable visitation rights. The husband and children then lived with his parents until January, 1968, when he remarried and moved to Galatia, Illinois. Petitioner remarried in

1964 and she lives with her husband, George Aud, in Ridgway, Illinois. Petitioner testified that she visited her children only once prior to the divorce and approximately eight times thereafter until 1968 when, with the assistance of her attorney, an oral agreement was made with defendant, providing for specific visiting times. Mr. Etienne testified that petitioner made only two or three visits prior to 1965 and that she did not see the children again until 1968 when the agreement was made. Thereafter it appears that petitioner visited the children in Galatia every other Saturday from July until December when defendant refused to allow any further visits. Petitioner then filed her petition for a writ of *habeas corpus* in January, 1969.

Defendants concede that an absolute denial of divorced parents to rights of visitation would be inequitable and unjust, unless such denial was clearly shown to be in the best interest of the children, but it is argued that a parent by his conduct can forfeit this privilege. We recognize that custodial and visitation rights often become hotly contested and that through no fault of its own a child becomes a pawn in the game of bitterness and recrimination played by its divorced parents. There is no question here of the fitness of either parent. Nor is there any evidence that the children would be endangered by visiting their mother, other than the bare allegations of defendant and his present wife that they became emotionally upset on previous visitations. From the testimony and even the arguments on appeal it would appear that the primary motivation in seeking denial of all visitation rights is to punish the mother for her previous act of desertion. We agree that she is subject to censure, but she was married to Mr. Etienne when she was only sixteen years of age and left him when she was only twenty, because, she said, of his drinking and gambling. In support of her statement there is some evidence of his continued drinking habits and that they are also objectionable to his present wife. We cannot find any substantial evidence that would warrant the

drastic decision of completely denying this mother her right to visit or see her children. She is now a more mature woman and it may very well be that the children, as well as she, would benefit from the love and affection that she would be able to bestow upon them. In any event, the trial court should, and does, have a broad discretion in determining this issue, for he has the benefit of observing the witnesses and assessing their credibility. (*Rodely* v. *Rodely,* 28 Ill.2d 347.) Actually, the court, with the consent of the parties, even talked to the children privately and separately and thus was aware of their feeling in the matter. We find that there has been no showing here of an abuse of the trial court's discretion.

We also find no merit in defendants' further argument that the trial court erred in imposing visitation privileges that were too fixed, arbitrary and broad. In view of defendants' bickering and refusal to comply even partially with the provisions of the oral agreement on visitations that he previously made, the court had no alternative but to spell out the rights of the mother so as to preclude all such arguments in the future. If such times and places now prescribed do not work out, there is always the remedy of seeking a change by appropriate legal action.

Finally, defendants object to the ruling of the trial court prohibiting them from producing evidence on matters occurring prior to the Indiana divorce decree. As we have stated, it is not the past conduct of the petitioner that is controlling but rather the present circumstances and the present welfare of the children. We find no error in this ruling of the trial court.

The judgment of the circuit court of Saline County is affirmed.

*Judgment affirmed.*