478 P.2d 688 (1970)
SENTINEL PETROLEUM CORPORATION, a Colorado Corporation; and Charles F. Raymond, Plaintiffs in Error,
v.
George A. BERNAT, Defendant in Error.
No. 70-353, (Supreme Court No. 23618.)
Colorado Court of Appeals, Div. II.
December 22, 1970.
John D. Comer, Denver, for plaintiffs in error.
Dawson, Nagel, Sherman & Howard, Arthur K. Underwood, Jr., W. David Pantle, Denver, for defendant in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
In the trial court defendant in error, Bernat, sued plaintiffs in error, Sentinel Petroleum Corporation (Sentinel) and Raymond, to recover sums due on two promissory notes. One note, executed by both Sentinel and Raymond, was secured by a mortgage and assignment of production *689 on their interests in certain oil and gas leases on land leased from the State of Colorado. Bernat also sought to foreclose on this security. The other note was executed by Raymond alone. Although this note (the Raymond note) was secured by a deed of trust, no foreclosure on this security was asked for.
Sentinel and Raymond denied liability on the notes and counterclaimed on the Raymond note for treble damages, alleging that the note was usurious, without consideration, and obtained through coercion.
The defendants also filed a motion which asserted that the State of Colorado was an indispensable party and requested that the State be joined as a party or that the action be dismissed. The motion was denied.
After a trial to the court judgment was entered in favor of Bernat on both notes and for foreclosure of the mortgage. Recovery on the counterclaims was denied.
Sentinel and Raymond seek reversal of the judgment and assert the trial court erred:
1. In not dismissing the action because of failure to join the State of Colorado and Raymond's wife as indispensable parties,
2. In entering judgment on the Raymond note,
3. In denying recovery on the counterclaim,
4. In admitting into evidence the mortgage and production assignment and portions of Raymond's deposition.
None of these assertions of error has merit and we affirm the judgment.
Plaintiffs in error do not contest the validity of the judgment on the note executed by Sentinel and Raymond other than on the basis of the non-joinder of parties. Nor do they otherwise contest the foreclosure decree. Bernat sought to foreclose only on the interests of Sentinel and Raymond, as lessees. The interest of the State of Colorado as lessor was in no way affected by this action or the decree. The State clearly was not an indispensable or necessary party. See Woodco v. Lindahl, 152 Colo. 49, 380 P.2d 234; and Amerada Petroleum Corp. v. Rio Oil Co., D.C., 225 F.Supp. 907.
Mrs. Raymond was not shown to have any interest in the leasehold and was not a party to the mortgage and assignment. However, she did sign that document because it also included lands in New Mexico, a community property state. Since the New Mexico lands were not involved here, neither was she. She was not an indispensable party.
The asserted errors relative to the Raymond note are both predicated on the proposition that the note was without consideration, usurious, and obtained by coercion. Nothing in the evidence substantiates these claims in any way. The record shows that the Raymond note, the note signed by Sentinel and Raymond, and the mortgage and production assignment were all executed as part and parcel of a settlement, reached after prolonged negotiations, of a previous law suit between the parties which had been brought by Bernat in a Federal court. Pursuant to the settlement and in consideration of the execution and delivery of these (and other) documents, Bernat dismissed that suit with prejudice. This was valid consideration. Union Collection Co. v. Buckman, 150 Cal. 159, 88 P. 708. There was no coercion and nothing usurious relative to the Raymond note.
Next, the admission of the mortgage and production assignment, a single document, was not error. Its admission was objected to because it was not the original and the signatures thereon were not identified. Originally this objection was sustained. Then Bernat testified that duplicate originals had been executed and he identified the signatures on the document. The defendants' attorney stated that they would not offer any evidence to contradict this testimony, and Raymond, in his testimony, admitted that the document was part of the previous settlement. There was no error in admitting this document.
*690 The admission of parts of the deposition of Raymond was objected to on the ground that Raymond was in court and available to testify. In this case the admission of part of the deposition was harmless error in that the evidence contained therein was merely cumulative to the evidence already before the court. Its admission neither added to nor detracted from evidence previously admitted. Therefore the admission of the deposition was not reversible error. Davis v. Bonebrake, 135 Colo. 506, 313 P.2d 982.
The judgment is affirmed.
COYTE and ENOCH, JJ., concur.