482 P.2d 999 (1971)
BILL DREILING MOTOR COMPANY, a Colorado corporation, Plaintiff in Error,
v.
The TRAVELERS INDEMNITY COMPANY, a corporation, Defendant in Error.
No. 70-529. (Supreme Court No. 23885.)
Colorado Court of Appeals, Div. I.
January 26, 1971.
Rehearing Denied February 16, 1971.
Certiorari Denied April 12, 1971.
Maley & Schiff, P. C., John T. Maley, Denver, for plaintiff in error.
William J. Madden, Denver, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
The parties will be referred to as they appeared in the lower court, where plaintiff in error was the defendant and the defendant in error was the plaintiff.
Plaintiff sued the defendant to recover damages for the alleged conversion of an automobile. Following a trial to the court, a judgment in the amount of $2,300 plus interest was entered in favor of the plaintiff *1000 and against the defendant. It is from such judgment that the defendant brings this appeal.
The defendant's principal argument is based upon the contention that the Colorado Certificate of Title Act, C.R.S.1963, 13-6-1 et seq., requires that upon the transfer of a motor vehicle, the transferee must obtain a Colorado certificate of title in his own name in order to acquire any enforceable rights to the vehicle.

I.
We rule that the Colorado Certificate of Title Act is not applicable to the factual situation before us.
Plaintiff's evidence disclosed the following: One Stuart purchased the salvage of a 1964 Pontiac from a junkyard in Iowa and received an Iowa certificate of title thereto. Stuart then stole a 1964 Pontiac from one Herlein, an insured of the plaintiff, and altered the serial number on the door plate of the Herlein vehicle to correspond to the serial number of the salvage vehicle. Herlein lived in Iowa and held an Iowa certificate of title on his automobile. Stuart then brought the Herlein automobile from Iowa to Colorado, where it was eventually purchased by the defendant. Herlein, after receiving the insurance payment for the loss of his automobile, assigned his Iowa certificate of title to the plaintiff by way of endorsement on the reverse side thereof. Plaintiff subsequently located the Herlein automobile in Colorado, identifying it by means of the hidden manufacturer's serial number on the frame of the vehicle and also by the discrepancy between the model type of the salvage vehicle and the Herlein vehicle. Plaintiff did not obtain either a Colorado or Iowa certificate of title in its own name, but relied on its assignment of Herlein's Iowa certificate of title. Plaintiff's address was given on the assigned Iowa certificate of title as being in Denver. However, Herlein's insurance policy, which was admitted into evidence, had the following on the title page:
"THE TRAVELERS INDEMNITY COMPANY
Hartford, Connecticut"
The above-mentioned documents are the only evidence which we have before us concerning plaintiff's principal residence, which was not an issue in the trial of the matter, nor did the trial court make any finding with respect to such issue. The defendant offered no evidence at trial, but rested at the conclusion of plaintiff's case.
Considering the above-stated circumstances, we believe that this case presents primarily a conflict of laws question. In resolving whether Colorado or Iowa law should control, the following language from the case of State ex rel. Hertz Corp. v. Rice, 14 Ohio St.2d 34, 235 N.E.2d 721, is pertinent here:
"* * * Although, as a foreign corporation authorized to do business in the state, Hertz may be said to be a `resident,' it does not intend to station or regularly use the vehicle here nor has it been so used; nor was Hertz involved in any transaction consummated in this state. The alleged conversion of its property here is not a `transaction' of such character as would entitle, or require, Hertz to obtain another (Ohio) certificate of title which could add nothing to the validity of its Michigan certificate of title.
"The general rule concerning tangible movables is that `the law of the state in which the property is located at the time of the transaction in question determines the creation and transfer of interests in tangible chattels. * * * An interest thus created will be recognized in another state to which the thing is subsequently taken, even though by the law of the second jurisdiction no title would have been acquired.' Goodrich and Scoles, Conflict of Laws, 303 and 305, Sections 153 and 154. See, also, Restatement of the Law, Conflict of Laws, 338 to 343, Property, Sections 255 to 259." *1001 See also Federal Insurance Co. v. Mercer, 237 So.2d 243 (Fla.App.).
From the foregoing, we conclude that Iowa law is controlling with respect to the question of whether plaintiff acquired, by virtue of the assignment of the Iowa certificate of title, any legally enforceable interest in the Herlein vehicle.
The following provisions of the Code of Iowa 1966, § 321.45, are applicable in determining this issue:
"2. No person shall acquire any right, title, claim or interest in or to any vehicle subject to registration under this chapter from the owner thereof except by virtue of a certificate of title issued or assigned to him for such vehicle * * *
* * * * * *
"* * * no court in any case at law or equity shall recognize the right, title, claim or interest of any person in or to any vehicle subject to registration sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title * * * duly issued or assigned in accordance with the provisions of this chapter." (Emphasis added)
Our research has not revealed any Iowa case dealing with the issue before us. However, the obvious meaning of the literal wording of the statute is that one who claims under an assignment of a certificate of title is no different than one claiming under a new certificate of title in his name issued after assignment to him of a prior owner's certificate. The wording of this section of the statute would indicate that issuance of a new certificate to an assignee or transferee does nothing to enlarge the scope of his title for the purposes of enforcing it at law or in equity.

II.
The defendant also argues that the trial court erred in admitting the testimony of one Matheis, who testified as to the value of the automobile at the time of the alleged conversion. Matheis testified that he had been in the business of buying and selling used cars for 12 years, and that he knew the market value of an automobile such as the one in question on the date of its conversion. It is our opinion that this testimony was sufficient to qualify Matheis as an expert witness, and that the trial court did not abuse its discretion in allowing Matheis to testify as to the value of the automobile. Smith v. Jensen, 13 Colo. 213, 22 P. 434. See also Mack v. Board of County Commissioners of Adams County, 152 Colo. 300, 381 P.2d 987; and City and County of Denver v. Lyttle, 106 Colo. 157, 103 P.2d 1.

III.
Defendant's remaining arguments concern the admission of evidence relating for the most part to the identity of the converted automobile. The evidence which is objected to was merely corroborative of other evidence which we feel conclusively established the identity of the converted automobile. We refer to the testimony of John Rickards, a special agent for the National Auto Theft Bureau, who testified as to the serial number of the subject automobile and to the testimony of Herlein.
There is a presumption that all immaterial, incompetent or hearsay evidence was disregarded by the trial court in reaching its conclusions in a case tried before it, and a judgment will not be reversed on appeal because of the admission of such evidence. Howard v. International Trust Co., 139 Colo. 314, 338 P.2d 689, cert. denied, 361 U.S. 916, 80 S.Ct. 258, 4 L.Ed.2d 184.
The judgment is affirmed.
DWYER and PIERCE, JJ., concur.