JOHN P. TARABOLETTI, Plaintiff-Appellee, *v.* MARY TARABOLETTI, Defendant-Appellant.

Third District   No. 77-334

Opinion filed January 23, 1978.

Donald C. Courson, of Peoria, for appellant.

Gary E. Barnhart, of Claudon, Elson, Lloyd & Barnhart, Ltd., of Canton, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal is a marital dispute involving both questions of custody and visitation of minor children in a post-divorce modification situation. The defendant-appellant, Mary Taraboletti, was divorced from the plaintiff, John P. Taraboletti, on January 3, 1975, in the Circuit Court of Fulton County. The divorce decree among other things granted the plaintiff-husband custody of the two minor children of the parties and provided for visitation with the defendant-mother on each Wednesday from 4 p.m. to 8 p.m., on alternate weekends from 4 p.m. Friday until 8 p.m. Sunday, and on every other alternate holiday and birthday. In September of 1976 defendant filed an amended petition for modification of the divorce decree requesting that custody be transferred to her. Plaintiff filed an answer denying the allegations of the defendant's petition. On December 16, 1976, a hearing was held on the petition and answer. At the conclusion of defendant's evidence the plaintiff moved to dismiss the petition. The trial court took the case under advisement and suspended temporarily defendant's visitation privileges following a conversation with the minor children in chambers. On February 7, 1977, the trial court entered an order granting plaintiff's motion to dismiss the petition and suspended defendant's visitation rights, even though it did not appear that the petitioner had any notice that her visitation rights might be terminated in this proceeding. This appeal followed.

Defendant phrases the one issue raised on appeal as whether, based on the record, the trial judge abused his discretion in terminating her visitation with her two minor children. We have examined the record and conclude that the trial court did not abuse its discretion in this case.

Preliminary to discussing the law which should be applied to this case

we feel that it would be useful to a full understanding of the posture of this case if a summary of additional factual background information is presented. The plaintiff husband originally filed a complaint for divorce, and, together with defendant wife's answer, the allegations of mental cruelty put the mental conditions of both parties in issue. Both parties stipulated to each being examined by Dr. Emmi Andri, a psychiatrist. The psychiatrist's reports regarding plaintiff and defendant were accordingly stipulated into evidence. These reports indicated that plaintiff husband was suffering from some depression and anxiety which was secondary to his marital litigation, and that Mrs. Taraboletti has an "insidiously developing paranoid state in that she uses the belief that her husband is ill and in need of mental care as a form of denying her own emotional difficulties." Dr. Andri also stated in his evaluation of Mrs. Taraboletti that "[a]t this point I do not think she can profit from psychiatric assistance— not because she is not in need of it, but there is no way one can bypass her paranoid orientation to have her reflect on what is indeed happening." Following a trial on the merits a divorce was granted pursuant to plaintiff husband's petition with defendant receiving visitation privileges.

Upon concluding consideration of this modification request, the trial court, after terminating the defendant's visitation privileges, indicated for the record that subsequent to arriving at his decision he had received a long-expected subsequent report from Dr. Andri on Mrs. Taraboletti's mental condition and that said report fully supported his order ending the defendant's visitation with the children.

■■ On appeal the defendant urges us to find that the trial court committed reversible error in relying upon this clearly unadmitted psychiatrist's report in terminating defendant's visitation. We cannot adopt such reasoning in light of the evidence in the record that the trial court made a decision to terminate Mrs. Taraboletti's visitation prior to receiving the second report. The case of *Patton v. Armstrong* (5th Dist. 1972), 6 Ill. App. 3d 998, 286 N.E.2d 351, relied upon by defendant to support her argument is distinguishable. In *Patton* the trial court consulted the unadmitted report and took it into consideration prior to rendering his judgment. Under those facts his reliance on the report in reaching his decision can be presumed, while it cannot be under the facts · of the present case.

■■ The trial court is invested with broad discretion in determining what visitation arrangement is in the best interest of the children and an exercise of that discretion will not be upset unless a manifest injustice has been done. (*Valencia v. Valencia* (5th Dist. 1977), 46 Ill. App. 3d 741, 360 N.E.2d 1384.) The guiding principal in cases such as the one at bar is the best interests of the children. It is not necessary, as it is in the case of a change in custody, for the court to find that there has been a material change of circumstances since the original order before an alteration in

child visitation can be ordered. *Cznery v. Cznery* (1st Dist. 1975), 33 Ill. App. 3d 365, 342 N.E.2d 393.

■■ It has been often stated that the estrangement of parent and child should be avoided whenever possible. (See *McManus v. McManus* (5th Dist. 1976), 38 Ill. App. 3d 645, 348 N.E.2d 507.) However, it has also been recognized under certain extreme and exigent circumstances that a court should properly terminate the parental visitation rights of the divorced noncustodial parent, particularly where the physical and mental well being of the child has been endangered by the non-custodial parent's conduct. (See 24 Am. Jur. 2d *Divorce and Separation* §801 (1966), and Annot., 88 A.L.R.2d 148 (1963).) The facts in this case present just such a situation wherein the trial court after hearing all the evidence presented properly concluded the Taraboletti children's physical and mental well being was being endangered by their mother's conduct, and that continued visitation with her was not in the children's best interests. To illustrate that this conclusion was proper we detail the evidence that was presented.

The testimony at the trial on the merits in the original divorce produced the following facts: That the defendant had threatened to kill her daughter, Carla, on a number of occasions; that defendant threatened to push her daughter, Carla, down a flight of steps; that defendant threatened to kill her husband, the plaintiff, and had struck him at various times; that defendant had tried to strike plaintiff and plaintiff's mother with an automobile; that plaintiff was fearful for the children's safety when they were with the defendant; and that the defendant did not rebut any of this evidence against her.

At the proceeding on the defendant's petition to change custody from plaintiff to herself, the following evidence was presented: That defendant had chased the plaintiff with a pan of boiling water while the children were present; that defendant had struck plaintiff's car with a garden rake while the children were present; that during a confrontation, one of the minor children, David, age 10, warned his father that the defendant was going to "kick him in the crotch," that defendant did strike plaintiff below the belt while the children were present and that police assistance was required; that on another occasion defendant struck the plaintiff, knocking off his glasses, and ripping his shirt, also in the children's presence; that defendant knocked the children's grandmother down and unconscious; that defendant stabbed her son, David, with a ballpoint pen, because he told her he wanted to live with his father; that defendant told plaintiff she had a gun and was going to shoot him; and that the female child, Carla, had a bed-wetting problem which had been treated but recurred after visitations with defendant.

From an agreed statement of facts it also appears: That defendant yells and throws things at the children; that defendant forced the children to

write letters to plaintiff stating that he was mistreating the children, and that defendant took the children to mailboxes to mail the letters; that defendant had promised the children material rewards for saying they wanted to live with her; and that both children wanted to live with their father, the plaintiff, because it was more pleasant there.

We are convinced, as the trial court was, after obviously giving the rights of the defendant every fair consideration, that from the evidence of defendant's past conduct and violent propensities denial of her visitation privileges was warranted. In *Blazina v. Blazina* (2d Dist. 1976), 42 Ill. App. 3d 159, 356 N.E.2d 164, the court held that visitation rights of the noncustodial parent should not be denied unless the court is convinced that the visitation rights are and would be detrimental to the children's best interests. The evidence indicated continued visitation would be detrimental here.

■■ Plaintiff relies upon *Glass v. Peitchel* (1st Dist. 1976), 42 Ill. App. 3d 240, 355 N.E.2d 750, for the proposition that the trial court has broad discretion in altering visitation privileges of divorced parents and its judgment should not be disturbed on appeal unless manifest injustice has been done. We conclude that depriving defendant of visitation privileges has not resulted in a manifest injustice but is decidedly in the children's best interest. The case of *Aud v. Etienne* (1970), 47 Ill. 2d 110, 264 N.E.2d 196, relied upon by defendant is not persuasive here. In *Aud* the supreme court refused to allow a mother's visitation rights to be terminated because she had substantially abandoned the children to her ex-husband for some time. The court felt that the mother should not be punished for her abandonment by being deprived of visitation. We also believe Mrs. Taraboletti should not be punished for her conduct in the past which has demonstrated her instability, but we do believe that the record evidence here proves the best interests of the children demand that future contact with defendant in her home through visitation as was originally provided in the divorce decree should not now be allowed at the present time. However, we recognize that Mrs. Taraboletti can petition to regain her visitation rights whenever she can show an improvement in her mental condition, particularly if she obtains psychiatric treatment.

For the foregoing reasons we conclude that the trial court did not commit an abuse of discretion in terminating defendant's visitation rights with her children, nor that manifest injustice resulted. The judgment of the Circuit Court of Fulton County is affirmed.

Judgment affirmed.

STENGEL, P. J., and ALLOY, J., concur.