No. C-1149

**Charles Pollard v. Elaine F. Walsh**

(575 P.2d 411)

Decided February 21, 1978. Rehearing denied March 13, 1978.

Robert M. Vockrodt, for plaintiff-appellant.

Ruth A. Buechler, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

We granted certiorari here to review a district court's affirmance of a judgment rendered in the county court. We reverse.

Plaintiff's complaint in the county court alleged damages by defendant to the premises defendant rented from plaintiff. Defendant answered, counterclaiming for a rent refund, return of her security deposit, treble damages, and attorney's fees.

Trial was set in the county court for 9:00 a.m. on November 21, 1975. Plaintiff arrived nearly two hours late because his car had been stuck in the snow. The case was continued to December 19, 1975. Several days before that date, defendant requested and received a continuance due to the unavailability of her witnesses on the date set. The third date set for trial was 9:00 a.m. on February 6, 1976.

At 7:00 a.m. on February 6, 1976, plaintiff telephoned his attorney and informed him that he was sick and would be unable to go to court. Plaintiff's attorney unsuccessfully attempted to contact opposing counsel. He subsequently had a problem starting his car and had it towed to a dealership. At this point, plaintiff's attorney called the court to explain the situation and request a continuance. It was now 8:45 a.m. At 9:05 a.m., defendant's attorney returned plaintiff's attorney's call and plaintiff's attorney asked her to agree to a continuance. She declined, and in court requested and received dismissal of plaintiff's claim and entry of judgment in the amount of $674.72 on defendant's counterclaim (without taking of any testimony whatsoever).

The district court held that the county court had not abused its discretion in denying the continuance and plaintiff's subsequent motion to set aside the judgment.

 It is the rule in this jurisdiction that an application for a continuance is addressed to the sound discretion of the trial court and, therefore, its decision in such matters will not be disturbed absent a showing of clear abuse. *Colorado Trading and Transfer Company v. Oliver*, 20 Colo. App. 257, 78 P. 308 (1904). Applying that principle to the facts here, we find numerous cases have held that the failure of the plaintiff to appear because of illness is a good cause for continuance and a denial thereof is an abuse of discretion by the trial court. *See, e.g., Gallavan v. Hoffner*, 154 Colo. 353, 390 P.2d 817 (1964); *Rausch v. Cozian*, 86 Colo. 389, 282 P. 251 (1929); *Lane v. Gooding*, 63 Colo. 324, 166 P. 245 (1917).

At the hearing to set aside the judgment entered on the trial date in the plaintiff's absence, the evidence was that the plaintiff had been advised by his doctor to stay in bed for three days, a period which would include the trial date. The plaintiff tried to reach his attorney the day before the trial to advise him of his condition, but was unable to do so until the morning of trial. The testimony also showed plaintiff's attorney attempted to reach the defendant's attorney as early as 7:00 a.m. on the morning of trial, but got her answering service, which refused to give him her unlisted number. He left a message to call him back immediately but received no return call.

Under the circumstances of this case as pointed out in this opinion and applying the authorities cited above, it is apparent that denying plaintiff's request for a continuance and permitting a judgment to be taken against him in his absence was an abuse of discretion. Of course, as provided in the Rules of Civil Procedure, the trial court could, as a condition of granting the continuance, have imposed such conditions as it deemed reasonable and just. *See*, C.R.C.P. 360. But for the trial court to summarily deny the request for a continuance and immediately thereupon enter judgment as it did here was a clear abuse of its discretion.

The judgment of the district court is reversed and it is ordered to remand the cause to the county court, with directions to vacate the judgment against the plaintiff upon such reasonable and just terms as the county court may desire to impose and thereupon proceed to trial.