In re the MARRIAGE OF Richard W. ADAMSON, II, Appellant,

and

Sandra Weinrauch, formerly Sandra Adamson, Appellee.

No. 80CA0299.

Colorado Court of Appeals, Division III.

March 12, 1981.

Cashen, Cheney, Johnston, Adamson & Campbell, R. W. Johnston, Jr., Montrose, for appellant.

Spurgeon, Haney & Howbert, Charles E. Painter, Colorado Springs, for appellee.

KIRSHBAUM, Judge.

In this dissolution of marriage action, the husband appeals the trial court's order granting the wife's request for extended visitation with the parties' son. We affirm.

The marriage of the parties was dissolved in 1975. In a separation agreement incorporated into the decree of dissolution, the parties agreed that the husband would have custody of the then three-year old boy, that the wife would have reasonable visitation upon notice to the husband, and that the wife "may at her option have the minor child spend with her one month each year and after the child reaches the age of fourteen years, if the child so desires."

In 1979 the wife filed a "Motion for Interpretation and Clarification of Separation Agreement," requesting the trial court to establish specific visitation schedules. The husband stipulated to all of the wife's requests except a request that the boy spend two two-week periods with her during summers. At a hearing on this motion, the husband testified that the child had experienced physical and emotional problems in prior summers after visiting with the wife for a single two-week period, and these problems would be exacerbated by any additional visitations.

The wife testified that the husband had created many obstacles to the exercise of her visitation rights in prior years. The trial court concluded that it was in the child's best interest to permit the two two-week summer visitation periods requested by the wife.

The husband first contends that the trial court failed to apply the appropriate standards in granting the wife's motion. We disagree.

Orders determining, visitation rights are incident to custody orders and must further the best interests of the child. Section 14–10–129(2), C.R.S. 1973; *Harrison v. Harrison*, 170 Colo. 397, 462 P.2d 119 (1969); *In re Marriage of McGee*, Colo.App., 613 P.2d 348 (1980). A custodial parent must be given wide latitude in carrying out his or her responsibilities of caring for minor children, *Bernick v. Bernick*, 31 Colo. App. 485, 505 P.2d 14 (1972), and the trial court has broad discretion to fashion visitation arrangements to further the child's best interests. *Searle v. Searle*, 115 Colo. 266, 172 P.2d 837 (1946). Here, the trial court expressly considered the child's best interests in its written order clarifying the wife's visitation rights. The record con-

tains ample evidence to support its conclusions; hence, no abuse of discretion has been demonstrated. *See Searle v. Searle, supra.*

■ The husband contends that before modifying the wife's visitation rights the trial court was required to determine that the child's physical health would be endangered or his emotional development would be significantly impaired in the absence of such modification. We disagree.

Section 14–10–129, C.R.S. 1973, defines visitation rights as follows:

(1) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation by the parent would endanger the child's physical health or significantly impair his emotional development.

(2) The court may make or modify an order granting or denying visitation rights whenever such order or modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical health or significantly impair his emotional development.

The entire statute must be considered to ascertain the General Assembly's policy respecting visitation rights of non-custodial parents. *See Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976). The language of § 14–10–129(1) expresses a policy that encourages visitation by non-custodial parents with their children. The requirement in § 14–10–129(2) of a preliminary finding that a particular visitation would harm a child's physical or emotional well-being is applicable by the statute's express words when some restriction upon parental visitation rights is requested. *See Manson v. Manson,* 35 Colo.App. 144, 529 P.2d 1345 (1974). When, as here, the issue is whether visitation rights should be enlarged, the suggestion that a parent seeking greater visitation rights must establish that the child's present circumstances are harmful is not only not authorized by the statute but, if adopted, would defeat the legislative

policy embodied therein. *See, Taraboletti v. Taraboletti,* 56 Ill.App.3d 854, 14 Ill.Dec. 350, 372 N.E.2d 155 (1978). Hence, the husband's contention is without merit.

■ The husband also contends that the trial court erred in allowing the wife to testify over objection that on a recent visit the child "came off the plane extremely depressed and told me that [husband's present wife] had told him he was never going to see me again." In denying the husband's objection, the trial court stated that it considered the hearsay statement only insofar as it tended to show the child's state of mind when he arrived for the visit, and not for the truth of the statement. The ruling was proper. *See Zullo v. Charnes,* 41 Colo.App. 544, 587 P.2d 1203 (1978); *see also McCormick on Evidence* § 249 at 589–90 (E. Cleary 2d ed. 1972).

Moreover, this testimony was cumulative to other competent evidence to the effect that the husband interposed difficulties in the child's visitation with his mother, which conduct of the husband could be related to the child's feelings of anxiety. Hence, even if we assume that the evidence was inadmissible, there was no reversible error. *See Sentinel Petroleum Corp. v. Bernat,* 29 Colo.App. 109, 478 P.2d 688 (1970); *see also Bill Dreiling Motor Co. v. The Travelers Indemnity Co.,* 29 Colo.App. 163, 482 P.2d 999 (1971).

Based on our review of the record, we also conclude that the husband was not denied a fair hearing and had ample opportunity to present his evidence. His remaining contentions of error are without merit.

Order affirmed.

SMITH and TURSI, JJ., concur.