In re the Marriage of Bernice **LESTER** (Carolyn Sue Flanders, as Personal Representative of the Estate of Bernice Lester, by substitution), Appellee,

and

Luther L. Lester, Appellant.

No. 80CA0451.

Colorado Court of Appeals, Div. I.

May 20, 1982.

Ratcliffe & Chamberlin, Jonathan M. Burris, James B. F. Oliphant, Steamboat Springs, for appellee.

Reckseen & Lau, P. C., Don M. Reckseen, Northglenn, for appellant.

COYTE, Judge.

Husband appeals from a judgment of the trial court dissolving the marriage of the parties and dividing the marital property. We affirm.

Wife filed a petition for dissolution of marriage alleging that the marriage had been irretrievably broken. Husband filed

an answer and the matter was set for hearing on March 4, 1980, at which time wife was unable to appear. A decree was entered by the court at that time finding the marriage to be irretrievably broken and with the further finding that deferral of the hearing on division of property was necessary in the best interest of the parties. *See* § 14-10-106(1)(b), C.R.S.1973. A few days thereafter and before the date of the property division hearing, the wife died. Carolyn Sue Flanders, as personal representative of the estate of Bernice M. Lester, was substituted as petitioner.

■ Husband first contends that the court erred in refusing to grant a continuance as to the question of dissolution of the marriage where the wife could not appear at the hearing. We disagree.

Husband and his attorney and wife's attorney appeared before the court on March 4, 1980. Counsel for husband requested a continuance, while wife's counsel insisted upon proceeding with the hearing. The court ruled that it would proceed with the hearing, but only on the issue of whether the marriage was irretrievably broken. Wife was critically ill, two witnesses from out of county were present, and the hearing had been regularly set. The court, upon being advised that the wife could not be present for the hearing because she was hospitalized in Phoenix, had tubes in her throat and could not talk, called the doctor and had him agree that he would ask wife two questions: first, if she believed the marriage was irretrievably broken, and secondly, if she desired the hearing to be held on her petition.

The doctor checked with the wife and advised the court that the wife was lucid and fully understood the questions he asked and that she desired the matter to proceed and was of the opinion the marriage was irretrievably broken.

As stated in *Pollard v. Walsh*, 194 Colo. 566, 575 P.2d 411 (1978):

"[A]n application for continuance is addressed to the sound discretion of the trial court and, therefore, its decision in such matters will not be disturbed absent a showing of clear abuse."

Under the circumstances of this case, the trial court did not abuse its discretion in refusing to grant the continuance.

■ Husband next contends that the court improperly contacted the wife through her doctor and considered unsworn out of court statements of the wife in arriving at its decision to enter the dissolution decree. Although we do not approve of *ex parte* contact of a party by the court, nevertheless, in its denial of husband's motion for new trial, the court advised that it had not considered wife's response as reported by the doctor. As stated in *Bill Dreiling Motor Co. v. Travelers Indemnity Co.*, 29 Colo.App. 163, 482 P.2d 999 (1971):

"There is a presumption that all immaterial, incompetent or hearsay evidence was disregarded by the trial court in reaching its conclusions in a case tried before it, and a judgment will not be reversed on appeal because of the admission of said evidence."

Here, the evidence considered by the court apart from the unsworn testimony is sufficient to support the entry of the decree finding that the marriage was irretrievably broken.

■ In husband's printed form reply to wife's petition, husband did not deny that the marriage was irretrievably broken. Thus, under C.A.R. 8(d), that allegation of the petition is considered admitted. Husband testified, however, that the marriage was not irretrievably broken. In making its determination, the court considered the testimony of the two out-of-county witnesses, plus testimony of the wife's son who had moved her and her belongings to Arizona, and the testimony of the husband that he had made no overtures to wife to return to him and had not contacted her on Christmas and other major holidays. Moreover, the evidence presented at the time temporary orders were entered revealed that husband had used physical violence against wife.

As the court stated in *In Re Marriage of Franks*, 189 Colo. 499, 542 P.2d 845 (1975):

"Where the objects of the marital relationship are destroyed to such an extent that it seems improbable that the couple will again resume the relationship of husband and wife, the marriage is irretrievably broken."

We conclude the evidence introduced here supports the findings of the trial court that the marriage was irretrievably broken. The trial court thus did not err when it entered its minute order as follows:

"After hearing testimony, considering all circumstances before the Court, it is hereby ordered that all requirements for a Decree of Dissolution of this marriage are satisfied and said Decree is hereby issued. The Court finds it is in the best interest of the parties that this action be taken."

In our view, this order is in substantial compliance with § 14–10–110(2)(a), C.R.S.1973, which requires that there be a finding that the marriage was irretrievably broken.

Husband also contends that the trial court erred in making its determination as to the amount of marital property and in dividing the marital property. The court awarded certain specific items of property to each party. It then determined the net value of the marital property of the parties and awarded the wife 25% of this net value or $76,788. In this regard, since most of the marital property was from appreciation of a ranch titled in husband's name, the court left the ranch to the husband and awarded the wife a judgment against the husband in the amount of $76,788 to be paid $10,000 within sixty days of the order and the balance in five years with interest thereon at 8% per annum.

This award of division of property is clearly within the discretion of the trial court. Here, in dividing the marital property, the trial court considered the factors required to be considered in § 14–10–113, C.R.S.1973; and since the evidence supports the findings of the trial court, they are binding on us on appeal. *In re Marriage of Howard*, 42 Colo.App. 457, 600 P.2d 93 (1979).

Husband complains that there is not sufficient income from the ranch to enable him to make the payments required to be made. We note, however, that a small parcel of land from the ranch has been sold and the funds received from such sale are currently in escrow, so there is no problem with the husband making the initial payment. Husband also has five years to tender the balance. Nevertheless, if husband cannot meet the obligations ordered by the court, the ranch will of necessity have to be sold. *In re the Marriage of Weaver*, 39 Colo.App. 523, 571 P.2d 307 (1977); *In re the Marriage of Harding*, 533 P.2d 947 (Colo.App.1975) (not selected for official publication).

Husband last contends that since the parties were married prior to the Uniform Dissolution of Marriage Act, the trial court erred in including pre-1972 appreciation of separate property in the marital estate. We disagree.

The Uniform Dissolution of Marriage Act provides that any increases in the value of separate property are marital property. Section 14–10–113(4), C.R.S.1973. This provision substantially changes prior law under which increases in the value of separate property remained separate property. *In re Marriage of Wildin*, 39 Colo.App. 189, 563 P.2d 384 (1977). Husband argues that because the parties were married prior to the effective date of this Act, any increases in property occurring prior to this date should be classified as separate property.

Our Supreme Court has, however, previously held that regardless of the date the marriage began, if the dissolution of marriage occurs after the effective date of the Act, the parties are subject to all provisions of the Act. *In re Marriage of Franks, supra.* Hence, husband has no basis to complain of the court's valuation of his property. *In re Marriage of Wildin, supra.*

Judgment affirmed.

VAN CISE and TURSI, JJ., concur.