**VALLEY NATIONAL BANK OF CORTEZ, a national banking corporation, Plaintiff-Appellee,**

v.

**Gary G. CHAFFIN and Sherry L. Chaffin, d/b/a Longbranch Saloon; and Russell E. Hindmarsh, as the Public Trustee for the County of Montezuma, State of Colorado, Defendants-Appellants.**

**No. 82CA1080.**

Colorado Court of Appeals, Div. II.

March 13, 1986.

Dilts, Dyer, Fossum & Hatter, P.C., Guy B. Dyer, Jr., James Hatter, Cortez, for plaintiff-appellee.

Jeffrey A. Goldstein, Denver, for defendants-appellants.

BABCOCK, Judge.

Defendants, Gary G. Chaffin and Sherry L. Chaffin, d/b/a Longbranch Saloon, appeal: (1) The judgment in favor of Valley National Bank of Cortez (Valley) on its claims for default upon two notes, and attorneys' fees in the amount of five thousand dollars; and (2) the dismissal of their counterclaims and third-party complaint. We reverse and remand for a new trial.

The underlying controversy between the parties concerned two notes of which defendants were makers and Valley was payee. Valley alleged that one of the notes was mistakenly stamped "paid" and returned to defendants. Defendants claimed that they had paid the note and asserted the defense of payment and release.

On the date of trial, defendants' attorney appeared and informed the court that neither defendant could be present. He said that he had been informed that morning by a telephone conversation with Gary G. Chaffin that Sherry L. Chaffin had been admitted to a hospital the night before for a problem affecting her pregnancy, and that Gary felt that he had to be there with his wife. The attorney then moved for a continuance "until after the time she has her baby."

The motion for continuance was not accompanied by affidavit as required by 22nd Judicial District Rule 14. The trial court, however, made no inquiry about the exist-

ence or availability of affidavits before denying the motion "in light of the depositions." The court then tried the cause entirely on the depositions of defendants and others, except that two witnesses for Valley were called and testified.

During the trial, the results of polygraph examinations of Valley's witnesses were admitted into evidence over the objection of defendants' attorney. A stipulation to the admission of polygraph examination results had been signed by Valley, Valley's attorney, and defendants' attorney, but not by defendants. Both defendants had revoked their earlier oral agreement and had refused to submit to a polygraph examination. Prior to trial, defendants instructed their attorney to object to admission of any evidence derived from polygraph examinations.

At the conclusion of the trial on Valley's claims, defendants' attorney moved for a bifurcated trial on defendants' counterclaims and third-party complaint so that defendants could be present to testify. The trial court refused the motions, and subsequently entered judgment for Valley on all their claims and against defendants on their counterclaims and third-party complaint.

## I.

Defendants first argue that the trial court abused its discretion in failing to grant their motion for continuance. We agree.

The decision to grant or deny a continuance lies within the sound discretion of the trial court and will not be set aside on appeal absent a clear abuse of discretion. *Butler v. Farner*, 704 P.2d 853 (Colo.1985). However, the failure of a party to appear because of illness is a good cause for continuance, and a denial thereof is an abuse of discretion by the trial court. *Pollard v. Walsh*, 194 Colo. 566, 575 P.2d 411 (1978) (plaintiff); *Gallavan v. Hoffner*, 154 Colo. 353, 390 P.2d 817 (1964) (defendant).

■ Here, defendants' attorney advised the trial court of Sherry L. Chaffin's admission to a hospital for a problem affecting her pregnancy. Even though defendants' attorney failed to comply with the local court rule requiring affidavits, the record reflects that the trial court treated the information as reliable and correct. The court did not request production of affidavits prior to ruling on the motion for continuance, and its denial thereof was for reasons other than failure to comply with the rule. Thus, we conclude that defendants' failure to comply with the rule cannot now be asserted by Valley as justification for the denial of defendants' motion for continuance. *See Gonzales v. Harris*, 189 Colo. 518, 542 P.2d 842 (1975).

■ The record further reflects that this was defendants' first motion for continuance, and Valley did not assert that a continuance would prejudice its case or inconvenience its witnesses. *See Gonzales v. Harris, supra.* Rather, Valley relied on the fact that the defendants' depositions were "extensive," and would cover any issue raised at trial. The trial court agreed with this reasoning and denied defendants' motion "in light of the depositions." This was error because, unless there are no viable alternatives, "appearance" by deposition is a wholly inadequate manner for the presentation of a party's case. *Gonzales v. Harris, supra; Elliott v. Field*, 21 Colo. 378, 41 P. 504 (1895).

■ It is undisputed that Valley stamped one of defendants' notes "paid" and delivered it to defendants. The major factual issue was whether this was done mistakenly, or after receipt of full payment by defendants. Thus, credibility of the parties was a crucial element in the outcome. Because Sherry L. Chaffin was unable to appear at trial, having been admitted to a hospital, and because a reasonable continuance would not have prejudiced Valley or its witnesses but did prejudice the hospitalized defendant in that she was unable to demonstrate her credibility, we hold that the trial court abused its discretion in denying defendants' motion for continuance. *See Butler v. Farner, supra; Gonzales v. Harris, supra.*

■ We do not consider whether Sherry's admission to the hospital justified Gary's absence from the trial. The trial court rendered a judgment against both defendants, and if there is prejudicial error as to one joint defendant, the judgment must be reversed as to the other. *Spano v. Yandle*, 493 P.2d 696 (Colo.App.1971) (not selected for official publication); *see Irvin v. Blair*, 100 Colo. 349, 68 P.2d 28 (1937).

## II.

Inasmuch as we are reversing the judgment and remanding for a new trial, we address defendants' contention that the trial court erred in admitting the results of polygraph examinations into evidence. We agree with this contention.

■ In *People v. Anderson*, 637 P.2d. 354 (Colo.1981), the Supreme Court concluded that polygraph evidence is of uncertain reliability and has the potential to have a prejudicial impact upon the fact finder; thus, it held that evidence of polygraph test results and testimony of polygraph examiners is *per se* "inadmissible at a *criminal* trial." (emphasis added) Moreover, polygraph evidence is not competent and must be excluded even when supported by prior stipulation of the parties for its admission. *People v. Anderson, supra.*

The court's discussion of polygraph tests and the qualifications of polygraph examiners in *Anderson* is equally applicable to civil trials. The mere fact that the cause of action is civil rather than criminal does not change the fact that: (1) the scientific theory or technique of the polygraph is not sufficiently advanced to make its use competent at trial; (2) the court is unable to ascertain the competence of polygraph examiners or account for the lack of standards for polygraph examiners; and (3) the admission of polygraph evidence at trial seriously interferes with, and is a potential prejudice to, the trier of fact's evaluation of the demeanor and credibility of witnesses and their testimony. *See People v. Anderson, supra.* Thus, we hold that *Anderson* is applicable to civil trials, and the trial court therefore erred in admitting the results of polygraph examinations, and the testimony of the polygraph examiner, into evidence.

■ Because of our disposition of this appeal, defendants' remaining assertions of error need not be addressed. Valley's claim for attorneys' fees was pursuant to a provision of the note. Since our reversal requires a new trial on the note, an award of attorneys' fees cannot be considered until the issue of liability on the note is resolved. Additionally, the trial court entered judgment on defendants' counterclaims and third-party complaint without the defendants' presence at trial to present their case and assist their attorney. Therefore, since they were plaintiffs in regard to those claims, the judgment on the counterclaims and third-party complaint must be reversed for the same reasons as the judgment against defendants on Valley's claims must be reversed. *See Pollard v. Walsh, supra.*

The judgment of the trial court is reversed, and the cause remanded for a new trial on Valley's claims and on defendant's counterclaims and third-party complaint.

SMITH and METZGER, JJ., concur.