## No. 8595.

## LANE *v.* GOODING ET AL.

1. CONTINUANCE—*Appeal and Error—Matters Reviewable.* On review of a trial court's refusal to grant a continuance, an appellate court may consider, in addition to the proceedings had and showing made at and prior to the ruling, matters occurring subsequent to the granting or refusing of a continuance.

2. APPEAL AND ERROR—*Continuance—When Ruling Reserved.* Although the record may not clearly show that the trial court abused its discretion in refusing to grant a continuance, at the time the application and ruling thereon was made, yet if it appears from the entire record and all the circumstances shown therein that, without fault of the applicant, his substantial rights were prejudiced by the trial court's refusal to grant a continuance, the reviewing court may award a new trial.*

*Error to Routt District Court, Hon. John T. Shumate, Judge.*

Mr. ALBERT G. CRAIG, for plaintiff in error.

Mr. A. M. GOODING and ARTHUR L. WESSELS, *Pro se.*

A. M. GOODING, JR., for defendants in error.

ALLEN, J.

Prior to January 5, 1914, A. M. Gooding and Arthur L. Wessels, defendants in error, were attorneys for the plaintiff in a case entitled *Lane v. Lyon.* On the date above mentioned the defendants in error filed in the same case a petition against both the plaintiff Lane and the defendant Lyon. The purpose of the petition, so far as it is now necessary to note, was to recover a certain sum of money, as attorney fees, and reimbursement for expenses, from the petitioners' client, or former client, the plaintiff Lane.

In due course of these proceedings, Lane filed his separate answer, and Gooding and Wessels filed their replication. Issues were joined July 31, 1914. A trial to the court, without a jury, was had on October 6, 1914, and the issues found

* Syllabus by Allen, J.

for the petitioners and against Lane. Thereafter judgment was entered against Lane, the plaintiff in error.

Among the numerous errors assigned, is that the court erred in overruling the motion of plaintiff in error, Lane, for a continuance in the cause, and in proceeding to trial on October 6, 1914.

The material facts proper to be noted in the consideration of this assignment of error are as follows: The docket was called on September 21, 1914. The case was set for September 30th, to follow the disposition of criminal jury cases. McClelland, who appeared for Lane and Lyon as their attorney at the time the case was tried, was not acting as their attorney at the time the case was set for trial, or the docket called. The deputy clerk of the court, upon the case being set for trial, notified attorney Craig and attorney Stimson, who were representing Lane and Lyon, that the case was set for September 30th. Craig and Stimson were then in Denver, and each was notified by letter. Some days thereafter McClelland received a telephone inquiry from Stimson at Denver as to whether or not the case would be reached at the time set. McClelland in turn inquired of the court, and was informed that the case could not be reached at that time, and this information was thereupon communicated to Stimson. On October 5th the case was continued to 10 o'clock A. M. the following day. On October 6th, before any proceedings were taken in the case, McClelland appeared as attorney for Lane and Lyon, and filed a motion for a continuance, supported by affidavit. The motion was resisted by the petitioners, Gooding and Wessels, who introduced evidence against the same. The supporting affidavit of McClelland alleged, and it is not disputed, that on October 3rd the criminal cases suddenly came to a close, and that at that time McClelland was ill. This circumstance corroborates testimony to the effect that Stimson received no notice of the trial until 10 o'clock A. M. of October 5th, at which time he immediately notified McClelland that "party leaves" next morning, evidently referring to parties litigant, their witnesses and attorneys.

However, McClelland in his affidavit simply alleged, "I am informed that Judge Stimson is now on his way and will arrive here this evening." The affidavit further alleged that the absence of Stimson was due to the fault of the affiant McClelland, "for the reason that he told Judge Stimson that he would notify him over the phone in time to be present, and that the said Stimson had told the others that he would notify them," and that affiant was ill and failed to keep Stimson posted. The motion for a continuance was upon the ground that "the said Lane cannot safely go to trial unless he is present, and that he is unable to be present at this time" on account of sickness, and also that Lane is an important witness for Lyon. Lane's illness was shown by a telegram from physician introduced in support of the motion.

While the record so far as it shows what transpired prior to the time the trial court overruled the motion for a continuance, may not clearly show that the court abused its discretion in denying the continuance, yet this court in affirming or reversing the judgment as to the ground under consideration may examine the entire record to see whether or not a continuance ought to have been granted. In the case of *Pease v. State* (Tex. Civ. Ap.), 155 S. W. 657, the application for a continuance was upon the ground of absent testimony, and the appellate court in its opinion says:

"Nor can it be doubted that an appellate court in passing upon an assignment complaining of the overruling of an application for continuance, may look at the evidence taken upon the trial to determine whether the testimony desired was in fact material, and whether in fact any injury resulted by reason of its absence."

In the case at bar it appears that about or soon after 6 o'clock P. M. of October 6, 1914, after a trial in the absence of Lane and his chief counsel and witnesses, a judgment was rendered against Lane, and in about an hour thereafter Lane and his chief counsel and witnesses arrived from Denver at Steamboat Springs, the county seat of Routt County, and the place of trial. At the close of the trial, and just

prior to the rendition of the judgment, McClelland, representing Lane and Lyon at the trial, moved, for a recess and the motion was denied. About noon of October 5, the day preceding the trial, Craig, the chief counsel for Lane, learned from Stimson, who represented Lyon, that the case had been set for the 5th, and immediately began preparation to leave Denver for Routt County. It was impossible, on account of impassable roads, to go by automobile, and Craig, with Lane and his witnesses, took the first train that it was possible for them to take, and arrived at Steamboat Springs in about an hour after judgment was rendered on the 6th. It appears also that the court was informed by McClelland, at the time he moved for a recess at the close of the trial, that Lane, his counsel and witnesses, were within an hour's ride from Steamboat Springs, the place of trial, and could be present in court within an hour.

It appears from the record that this was the first continuance asked for, and also was made during the first term that this case was at issue. The entire record, taken as a whole, fairly indicates that the continuance was not sought for the purpose of hindrance or delay. It was not definitely known by either side when the case would be reached for trial, and it appears that Lane and his attorneys in Denver had been holding themselves in readiness to go to Routt County in time to attend the trial. A continuance for a short time would not have inconvenienced the petitioners, who opposed the continuance, as they appear to be residents of the county where the case was pending. Under the rulings of the trial court, this was not a jury case, and therefore considerations of convenience to jurors were not involved.

In the case of *Elliott v. Field,* 21 Colo. 370, 41 Pac. 504, this court said: "The plaintiff had the right to be present to assist his counsel in the trial, and his necessary absence was good ground for continuance." In 9 Cyc. 146, it is said:

"Every application for a continuance should be heard

by the court and determined according to its circumstances. While it is the duty of the court to prevent unnecessary delay in the trial of causes, yet it should not prejudice the substantial rights of parties by forcing them to trial when they cannot reasonably be expected to do full and complete justice to their case."

Taking into consideration not only Lane's showing made on his motion for a continuance, but also the showing made upon his motion to set aside the default judgment, and also all the circumstances of the case bearing on the justice of a continuance, and of allowing Lane and his chief counsel and witnesses to be present at the trial, we are of the opinion that a new trial ought to be granted, and therefore hold that there was error in refusing to sustain the motion for a continuance.

The judgment of the District Court is reversed and a new trial ordered.

*Reversed.*

Decision *En Banc.*