No. 20,498.

HARRY W. GALLAVAN, ET AL., *v.* PAULINE HOFFNER, ET AL.
(390 P. [2d] 817)

Decided March 30, 1964.

Mr. A. JOSEPH WILLIAMS, for plaintiffs in error.

Messrs. MILLER and RUYLE, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

SHOULD the trial court have granted a continuance on the second day of the trial when it was made to appear by the motion of the attorney for Mrs. Gallavan that she was not able to be present, having been admitted to St. Luke's Hospital in Denver the preceding midnight? A proper resolution of this question involves a brief recitation of facts.

The case was set for trial before a jury for May 15, 1962, at 9:00 A.M. in Greeley, Colorado. At approximately 8:45 A.M. on the day of trial, Mrs. Gallavan fell in the ladies' rest room at the Greeley Courthouse and injured herself. She was rushed to the hospital for examination, and there a Dr. Arford, an orthopedic surgeon, determined that she had no broken bones and that she would be able, notwithstanding some pain, to participate in the trial, and so advised the court.

Selection of the jury commenced shortly after 11:00 o'clock on May 15th. In the course of the day, evidence to sustain the claims of Mr. and Mrs. Hoffner was introduced until late that afternoon when the court adjourned.

Around midnight that evening Mrs. Gallavan was taken to St. Luke's Hospital in Denver, where she remained for a period of four weeks under the care of her regular physician, Dr. E. Paul Sheridan, a specialist in internal medicine.

Mrs. Gallavan's attorney learned for the first time on May 16th at about 6:00 o'clock in the morning that she had been taken to the hospital during the previous night. He appeared before the court and moved for a continuance, advising the court of her hospitalization and that he would obtain an affidavit or affidavits from the doctor in support of such motion. Counsel for the Hoffners resisted the motion.

The court denied the motion for continuance on the basis of the report it had received from Dr. Arford on May 15th, in which Dr. Arford advised the court that there were no injuries other than a bruise, that he saw

no medical reason why she should not attend the trial, and that if she would be more comfortable in a wheel chair, it would be all right for her to use one.

After the court denied the motion, Mrs. Gallavan's attorney advised the court he would not further participate in the trial of the case. Mrs. Hoffner was the only witness to testify on the second day of trial. At the conclusion of the evidence, the court instructed the jury and it thereafter returned verdicts of $1200.00 in favor of Mr. Hoffner and $11,141.76 in favor of Mrs. Hoffner.

On June 1, 1962, the Gallavans filed their motion for a new trial grounded on the refusal of the court to grant their application for continuance, supporting said motion with an affidavit from Dr. Sheridan in which he informed the court that Mrs. Gallavan had been a patient of his for four years. He further informed the court that she was suffering from a long-standing diabetes mellitus, complicated by osteoporosis. He stated that X-rays revealed a marked degree of osteoporosis after her fall and that because of her condition she had suffered severe pain which would have rendered her unable to continue the trial on Wednesday, May 16, 1962, and that on the day of the affidavit, May 24th, she was still hospitalized. A supplemental affidavit was later filed, in which Dr. Sheridan advised the court that Mrs. Gallavan remained in the hospital until June 13, 1962.

After hearing, the trial court denied the motion for new trial. Judgments were entered on the verdicts, and we are asked to reverse them by this writ of error.

The Hoffners seek to sustain the trial court's refusal to grant a continuance and to grant a new trial on the theory that the attorney for Mrs. Gallavan had stated that, if present, she would have testified to certain facts and circumstances, relating them, and that a statement of these facts was not in substantial conflict with the plaintiffs' version of the accident. We note that the Hoffners refused to stipulate to these facts.

Contributory negligence had been pled and was a

vital question in the case, and yet there was no one on behalf of the Gallavans to bring perspective and understanding of this issue to the jury.

■ The court should have granted the motion for continuance. Certainly, when it was made to appear that Mrs. Gallavan was hospitalized for four weeks, the trial court should have granted a new trial in order to correct an error made by it which became more evident by reason of supporting facts arising subsequent to the denial of the motion for continuance.

Mrs. Gallavan had a right to be present, and to testify, at the trial of her cause. It has been the rule of this Court that "a litigant has the right to be present to assist his counsel in the trial, and his necessary absence is a good reason for a continuance." *Rausch v. Cozian,* 86 Colo. 389, 282 Pac. 251; see *Lane v. Gooding,* 63 Colo. 324, 166 Pac. 245; *Elliott v. Field,* 21 Colo. 378, 41 Pac. 504.

■ Her attendance as a witness was necessary to a fair presentation of the Gallavans' defense. Her illness was a lawful excuse for her inability to attend the trial, and under these circumstances it was error for the court to refuse Gallavans' application for a continuance. *Ashworth v. Brickey,* 129 Ark. 295, 195 S.W. 682.

The judgment is reversed and the cause remanded with directions to grant a new trial.

MR. JUSTICE SUTTON and MR. JUSTICE HALL concur.