## No. C-588

**Jesus Gonzales v. Charles C. Harris and Robert Easterday**

(542 P.2d 842)

Decided November 24, 1975.

Jonathan D. Asher, Carrigan & Bragg, Frank N. Dubofsky, for petitioner.

Duane O. Littell, Peter F. Jones, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to review a two to one decision of the court of appeals in *Gonzales v. Harris,* 34 Colo. App. 282, 528 P.2d 259 (1974), affirming the trial court's judgment for defendants Harris and Easterday. We reverse and remand with directions to grant a new trial.

This case involves an action for false imprisonment and slander brought by plaintiff Gonzales because of defendants' accusations and detention and investigation of Gonzales for what turned out to be an unconfirmed suspicion of shoplifting.

In November 1971 Gonzales was a customer in Easterday's drug store wherein he purchased some hair dressing and wallet enclosures. An employee, Harris, claimed to have seen Gonzales place an article of merchandise in his coat pocket and move to another section of the store. Harris reported what he purportedly observed to Easterday who left the store through a rear exit in order to intercept Gonzales outside in front of the store. Meanwhile, Gonzales paid for the above-mentioned items and was encountered by Easterday at the exit. Gonzales was told to return inside.

Easterday claimed at trial that he asked Gonzales to step to the rear of the store at this point, but Gonzales claimed this was not so. Gonzales emptied his pockets, and no merchandise was discovered which had not been paid for. Easterday then called across the store (a distance of about forty feet) to ask Harris where the item had been concealed. Harris responded that he believed it was in Gonzales' right coat pocket. Easterday

then searched that pocket, and nothing was found. Gonzales was then detained while a search was undertaken of that portion of the store where defendants suspected he might have discarded or concealed store merchandise. Again, nothing was found. All of this occurred in front of four or five witnesses. There was approximately a fifteen minute interval between the time that Easterday stopped Gonzales and the time that the latter finally was permitted to leave the store.

Defendants relied on the protection of 1967 Perm. Supp., C.R.S. 1963, 40-5-31. In 1972, a year after this incident this statute was repealed and re-enacted and is now section 18-4-407, C.R.S. 1973.

■ We granted certiorari on the issue of whether the court of appeals erred in affirming the trial court's refusal to grant Gonzales a continuance. We reverse, holding that it was an abuse of discretion to force the trial when Gonzales could not be present. We determine Gonzales was denied his day in court.

Two days before the trial, Gonzales' counsel sought a continuance on behalf of his client. The court was informed plaintiff would be unavailable for the trial as a result of his incarceration in Mexico for inability to pay a $150 fine. The record reflects that defendants had been granted a continuance previously. This was the first time that plaintiff had requested a continuance. All the defendants and their witnesses were residents of the county where the trial was held.

Defendants offered no evidence to contradict plaintiff's assertion that they would not be prejudiced by delaying the trial beyond the two-month period during which Gonzales would be held in Mexico.

The court denied the motion for continuance and ordered the trial to be held with a deposition by Gonzales being used to present his claims against defendants.

■ On numerous occasions this court has held that the denial of a motion for a continuance because of the unavoidable absence of a party during litigation is grounds for the granting of a new trial. The attendance of a litigant is necessary for a fair presentation of his case. *Gallavan v. Hoffner,* 154 Colo. 353, 390 P.2d 817 (1964). In *Rausch v. Cozian,* 86 Colo. 389, 282 P.251 (1929), this court said:

"A litigant has the right to be present to assist his counsel in the trial, and his necessary absence is a good reason for a continuance."

In *Lane v. Gooding,* 63 Colo. 324, 166 P. 245 (1917), we held that the trial court's denial of a motion for a continuance was erroneous when a litigant and his attorney were unable to arrive at the trial because of weather conditions. We made the following observations, all of which are applicable to the case at bar:

"It appears from the record that this was the first continuance asked for, . . . The entire record, taken as a whole, fairly indicates that the continuance was not sought for the purpose of hindrance or delay. . . . A continuance for a short time would not have inconvenienced the petitioners, who opposed the continuance, as they appear to be residents of the county where the case was pending. . . ."

where the case was pending. . . ."

In that case we concluded, as we do here, that the trial court's legitimate concern for the prevention of delay in the trial of cases should not prejudice the substantial rights of parties by forcing them to go to trial without being able to fairly present their case.

Forcing the trial to proceed using Gonzales' deposition was particularly prejudicial to plaintiff's claim. The deposition was composed of leading questions on cross-examination by opposing counsel. It was read into the record at the beginning of the trial and did not anticipate much of the testimony later given by the defendants. Unless there are no viable alternatives, "appearance" by deposition is a wholly inadequate manner for the presentation of a party's case.

Without being able to observe plaintiff on the witness stand, the fact finder was severely restricted in determining Gonzales' credibility. It is apparent from the record and likewise the court of appeals' majority opinion commented that the credibility of the ". . . witnesses was the crucial element in the determination of the issues." Also Gonzales' deposition was given without knowledge of the defendants' testimony and could not be used effectively to rebut an entirely different version of the incident pointedly contradictory to Gonzales' deposition. Plaintiff could not under the ambit of his testimony, limited by questions of defense counsel, be in a position to counter directly any testimony of the defendants. Under the circumstances, Gonzales assuredly was deprived of his day in court.

We reject the court of appeals' reasoning that the absence of affidavits substantiating the necessity for the continuance is justification for its determination of this issue. The record reflects that the trial court treated the information alleged in plaintiff's motion as being correct. We agree with the dissenting opinion's statement that an appellate court should likewise consider the allegations of plaintiff's incarceration, which were unchallenged, as being confirmed.

We have chosen not to address the other assertions of error raised in plaintiff's briefs — and likewise not to comment upon other aspects of the court of appeals' opinion. Whether under the statutory privilege relied on by the defendants the manner and extent of the investigation and detention of Gonzales was reasonable and whether there was probable cause to detain him are questions of fact. *Dillon & Sons v. Carrington*, 169 Colo. 242, 455 P.2d 201 (1969). Since upon retrial the court will have before it confrontations by the witnesses and a full presentation by both plaintiff and defendants, the court's application of the statute to the facts will in all probability render moot the allegations that error was committed in applying the statute.

The judgment of the court of appeals is reversed and the cause is remanded with directions to remand to the trial court for a new trial.