Gordon D. BUTLER and Mary Elizabeth Butler, Plaintiffs-Appellees,

v.

Richard FARNER and Goldie E. Farner, Defendants-Appellants.

No. 84SA205.

Supreme Court of Colorado, En Banc.

Aug. 19, 1985.

---

Edward E. Simon, Jr., Bluestein, Simon & Schulman, Denver, for plaintiffs-appellees.

Patrick Owen, Rotole, Owen, Jaunarajs & Walker, Denver, for defendants-appellants.

DUBOFSKY, Justice.

The defendants, Richard and Goldie Farner, appeal Denver District Court rulings that the Forcible Entry and Detainer (F.E.D.) statute, §§ 13–40–101 to –123, 6 C.R.S. (1973 & 1984 Supp.), permits an accelerated trial setting, that the statute is constitutional as so interpreted, and that the defendants were not entitled to a continuance beyond the accelerated trial date.[1] We affirm the rulings of the district court.

On May 10, 1983, the plaintiffs, Gordon and Mary Butler, contracted to sell residential property to Goldie Farner for $125,000, and Farner gave the plaintiffs $15,000 earnest money. The contract provided for closing on July 5, 1983. The contract further provided that time was of the essence, and that, should the purchaser default,

---

1. The appeal in this case was transferred from the court of appeals to this court because the defendants challenged the constitutionality of the F.E.D. statute. §§ 13–4–102(1)(b) and 13–4–110(1)(a), 6 C.R.S. (1973).

both the sellers and the purchaser were to be released from their obligations under the contract, and the plaintiffs would be entitled to retain Farner's earnest money as liquidated damages.

On July 19, 1983, the plaintiffs filed a complaint in Denver District Court asserting that the defendants had possession of the property that Farner had agreed to purchase, but that Farner had failed to comply with her contractual obligations. The plaintiffs alleged that they had demanded possession of the property in writing, and requested a court order under the F.E.D. statute granting them possession. § 13–40–104(1)(i), 6 C.R.S. (1973).[2]

The defendants' answer admitted their possession of the property and receipt of the plaintiffs' written demand for possession, but denied all other allegations of the complaint. In addition, the defendants' five affirmative defenses essentially asserted that (1) the plaintiffs and defendants had entered into a collateral agreement permitting the defendants to retain possession of the property long enough to obtain V.A. financing, and the plaintiffs had breached the agreement by seeking possession before the financing was obtained; and (2) the defendants had acquired an equitable interest in the property entitling them to possession.[3] Finally, the defendants counterclaimed for a decree of specific performance requiring the plaintiffs to perform the alleged contract to permit V.A. financing, an adjudication of the defendants' equity in the property, or return of the earnest money retained by the plaintiffs.

The district court set trial for August 29, 1983. The defendants moved to strike the trial date because neither Richard Farner nor the defendants' counsel would be available. Richard Farner's affidavit, attached to the motion, averred that Farner would be at a meeting in Oklahoma City on the morning of August 29. The secretary for the defendants' counsel provided an affidavit stating that defendants' counsel would be out of town from August 19 until September 6.

On August 26, 1983, the district court held a hearing on the defendants' motion to strike trial setting. The defendants' principal counsel did not appear, and the defendants were represented by a different member of their counsel's law firm. In addition to the contentions in the motion, the defendants' new attorney argued that the F.E.D. statute did not provide for an accelerated trial setting, and that the trial in this matter should have been set on the court's docket in the usual manner. The district court ruled that the F.E.D. statute was intended to provide for summary proceedings to determine possession, and that an accelerated trial date was contemplated under the statute. The court then inquired into the availability of the parties and their counsel on alternative trial dates. Defendants' counsel informed the court that Richard Farner would be available on September 1. Plaintiffs' counsel indicated that, although he had planned to leave for vacation on September 1, he would stay in Den-

---

**2.** Section 13–40–104(1)(i), 6 C.R.S. (1973) provides that an unlawful detention has occurred "[w]hen a vendee having obtained possession under an agreement to purchase lands or tenements, and having failed to comply with his agreement, withholds possession thereof from his vendor, or assigns, after demand therefor is duly made."

**3.** The defendants claimed an equitable interest in the property because, according to their pleadings, they had paid $40,000 towards purchase of the property under a previous contract, the plaintiffs (apparently retaining only a security interest in the property as mortgagees) later started foreclosure proceedings, and the present contract for sale was entered into "in lieu of foreclosure...." This recitation apparently was intended to demonstrate that the defendants either had an equitable right to redemption because of their equity in the property, *Cavos v. Geihsler*, 109 Colo. 163, 123 P.2d 822 (1942), or else remained mortgagors against whom an F.E.D. action was inappropriate. *Fairview Mining Corp. v. American Mines and Smelting Co.*, 86 Colo. 77, 278 P. 800 (1929). In their reply, the plaintiffs admitted that the defendants paid $40,000 but denied that the present contract was "in lieu of foreclosure...." Plaintiffs' counsel stated in argument that foreclosure had been completed before the present contract was executed.

ver in order to conduct the trial. Immediately following this exchange, the defendants' counsel reversed himself on Farner's availability, telling the court that Farner would be gone the entire week of August 29 and would not be back until September 5 at the earliest. The district court denied the motion to strike trial setting, and ordered that trial be held on August 29 as originally scheduled.

On August 29, counsel for the parties appeared for trial. The court granted the defendants' motion to dismiss without prejudice all issues raised by their counterclaim. Counsel then agreed that the plaintiffs' offer of proof would substitute for the presentation of evidence on the right to possession. Following the offer of proof, which is not included in the record before us, the district court found that the parties entered into a land sale contract; that closing was set for July 5, 1983, at which time the defendants were required under the contract to tender the full purchase price; that the defendants failed to tender the purchase price on July 5; that the plaintiffs subsequently demanded possession of the premises in writing; and that the plaintiffs accordingly were entitled to possession of the property under section 13–40–104(1)(i).

On appeal, the defendants contend that the F.E.D. statute does not permit an accelerated trial setting. The defendants further argue that if the F.E.D. statute permits an accelerated trial setting, the stat-

ute deprives them of due process of law by failing to allow sufficient time for trial preparation.[4] Finally, the defendants maintain that the district court abused its discretion in failing to grant a continuance. We reject the defendants' arguments and affirm the rulings of the district court.

### I.

The defendants contend that, because the F.E.D. statute does not address the time of trial, it should not be interpreted to permit an accelerated trial date. We disagree.

We previously determined that the F.E.D. statute is "designed to provide landlords with an expeditious method of gaining possession of their premises following a termination of a tenancy or a breach of a lease." *Francam Building Corp. v. Fail,* 646 P.2d 345, 348 (Colo.1982). Among the benefits of the F.E.D. statute is the "avoidance of the expense and delay incident to the more cumbersome action of ejectment formerly employed at common law...." *Id.* at 350 (Lohr, J., dissenting).

The structure of the F.E.D. statute evinces a legislative intent to accelerate trial settings in order to provide an expeditious remedy. The defendant in an F.E.D. action has five to ten days to appear and answer a complaint following the issuance of a summons. §§ 13–40–111 to –113, 6 C.R.S. (1973 & 1984 Supp.),[5] instead of the usual

---

**4.** The defendants also claimed without explanation that the accelerated trial provision of the F.E.D. statute violates their constitutional right to equal protection of the laws. Because we are unable to discern the content of the defendants' equal protection argument, we do not address it in this appeal.

**5.** Section 13–40–111, 6 C.R.S. (1984 Supp.), provides:

Upon filing the complaint as provided in section 13–40–110, the clerk of the court shall issue a summons as in other cases; except that it shall command the defendant to appear before the court at a place named in such summons and at a time and on a day which shall be not less than five days nor more than ten days from the day of issuing the same to answer the complaint of plaintiff. The summons shall also contain a statement addressed

to the defendant stating: "If you fail to file with the court, at or before the time for appearance specified in the summons, an answer to the complaint, setting forth the grounds upon which you base your claim for possession, and denying or admitting all of the material allegations of the complaint, judgment by default may be taken against you for the possession of the property described in the complaint, for the rent, if any, due or to become due, for present and future damages, costs, and for any other relief to which the plaintiff is entitled."

Section 13–40–112, 6 C.R.S. (1973 & 1984 Supp.), provides:

(1) Such summons may be served by personal service as in any civil action. A copy of the complaint must be served with the summons.

twenty days under C.R.C.P. 12(a). Under section 13–40–114, 6 C.R.S. (1973),[6] if either party requests a delay in trial for more than five days, the court may require the party to post bond in an amount sufficient to cover damages to the other party resulting from the delay. Thus, the General Assembly recognized that even a brief delay in a trial for possession may damage the party seeking possession. Setting trial as expeditiously as possible following the defendant's answer is consistent with this statutory scheme.

## II.

■■■■ The defendants next assert that, if the F.E.D. statute permits an accelerated trial date, the statute violates constitutional guarantees of due process[7] because (1) an accelerated trial date in a case involving a vendee in possession of the premises under section 13–40–104(1)(i) does not provide sufficient time to prepare for the complex issues that may be raised, and (2) the statute does not require the district court to allow the defendants to post bond and obtain a continuance as of right.[8] We reject these arguments.

In *Lindsey v. Normet*, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), the United States Supreme Court upheld the Oregon Forcible Entry and Wrongful Detainer statute against an identical due process challenge. The Oregon statute applied to landlord-tenant disputes and provided for trial no later than six days following service of the complaint, unless the court granted a continuance conditioned upon posting of a bond by the defendant. The Court held that the expedited trial provisions did not violate due process because extensive trial preparation is not required in the majority of F.E.D. cases. 405 U.S. at 65, 92 S.Ct. at 870. In most cases, the Court explained, the issues concerning the landlord's right to possession are simple, and the tenant will have as much access as the landlord to

(2) If personal service cannot be had upon the defendant by a person qualified under the Colorado rules of civil procedure to serve process, after having made diligent effort to make such personal service, such person may make service by posting a copy of the summons and the complaint in some conspicuous place upon the premises. In addition thereto, the plaintiff shall mail, on the same day he files the complaint, a copy of the summons and the complaint to the defendant at the premises by postage prepaid, first class mail.

(3) Personal service or service by posting shall be made at least five days before the day for appearance specified in such summons, and the time and manner of such service shall be endorsed upon such summons by the person making service thereof.

Section 13–40–113, 6 C.R.S. (1973), provides:

(1) The defendant shall file with the court, at or before the time specified for his appearance in the summons, an answer in writing setting forth the grounds on which he bases his claim for possession and admitting or denying all of the material allegations of the complaint and presenting every defense which then exists and upon which he intends to rely, either by including the same in his answer or by filing simultaneously therewith motions setting forth every such defense.

(2) The court for good cause may permit the filing of additional and amended pleadings where such will not result in delay prejudicial to the defendant.

6. Section 13–40–114, 6 C.R.S. (1973), provides:

If either party requests a delay in trial longer than five days, the court in its discretion may upon good cause shown require either of the parties to give bond in an amount to be fixed by the court for the payment to the opposite party of such sum as he may be damaged due to the delay, the bond to be secured by two or more sureties approved by the clerk of the court or one corporate surety authorized to do business in this state.

7. U.S. Const., Amend. XIV; Colo. Const., Art. II, § 25.

8. The defendants also argue, without elaboration, that "the onerous requirements for bonds, undertakings and deposits of rents required as conditions to appellate review" under the F.E.D. statute "impose an unconstitutionally heavy burden on one attempting to exercise his statutory right to appeal." We do not address their argument because there is no evidence in the record showing that the defendants were required to post any appeal bond or undertaking under the F.E.D. statute. The defendants therefore lack standing to challenge the constitutionality of provisions in the F.E.D. statute requiring litigants to post a bond or undertaking on appeal. *Denver Center for the Performing Arts v. Briggs*, 696 P.2d 299, 304 (Colo.1985); *Friends of Chamber Music v. City and County of Denver*, 696 P.2d 309, 315 (Colo.1985); *People v. Brown*, 632 P.2d 1025, 1026 (Colo.1981).

relevant facts. *Id.* Moreover, the Court noted, in cases where more complex issues arise, the tenant may obtain a continuance upon posting a security bond. *Id.*

Unlike the Oregon statute at issue in *Lindsey*, the Colorado F.E.D. statute permits unlawful detainer actions based upon the default of a purchaser in land sale contracts. § 13–40–104(1)(i). The defendants maintain that the issues in such actions are more complex than the issues in landlord-tenant actions. However, we note that, as in landlord-tenant disputes, the facts involved in land sale contract disputes will be equally available to both purchaser and vendor. More importantly, the Colorado F.E.D. statute, like its Oregon counterpart, permits continuances in appropriate cases if the defendant posts a bond. § 13–40–114. The court may grant a continuance in cases where the defendant can show that the issues are so complex as to require extensive trial preparation. Because the F.E.D. statute provides a mechanism for ensuring that defendants will have an opportunity to fully present available defenses, the statute on its face does not violate due process. *See Deal v. Municipal Court*, 157 Cal.App.3d 991, 204 Cal. Rptr. 79 (1984) (because the tenant can get a continuance upon a showing of good cause, accelerated trial setting does not violate due process even in cases involving complex issues); *Criss v. Salvation Army Residences*, 319 S.E.2d 403 (W.Va.1984) (because tenant has same access to facts as landlord, and because a continuance may be obtained in more complex cases, accelerated trial setting in F.E.D. cases does not violate due process).[9]

■ The defendants also assert that the Oregon statute permitted continuances as a matter of right upon the posting of a bond by the defendant, and that this statutory feature was crucial to the Court's approval of the statute in *Lindsey*. The defendants maintain that the Colorado F.E.D. statute violates due process because the grant or denial of a continuance is left to the discretion of the trial court. In fact, the Oregon continuance provision at issue in *Lindsey* provided that, "No continuance shall be granted for a longer period than two days unless the defendant applying therefor gives an undertaking to the adverse party...." O.R.S. 105.140. The statute did not say that a continuance *must* be granted upon the posting of a bond. Moreover, the Supreme Court relied upon the continuance provision only to the extent of noting that it would permit more time for trial preparation in cases where such preparation is needed; the Court did not state that due process requires continuances to be granted as a matter of right in every case where a bond is posted. 405 U.S. at 65, 92 S.Ct. at 870. Due process is satisfied so long as the F.E.D. statute permits continuances in cases requiring extensive trial preparation.

### III.

■ Finally, the defendants argue that the district court abused its discretion in failing to grant their motion to strike trial setting and postpone trial. The decision to grant or deny a continuance lies within the sound discretion of the trial court and will not be set aside on appeal absent a clear abuse of discretion. *People in the interest of V.A.E.Y.H.D.*, 199 Colo. 148, 152, 605 P.2d 916, 919 (1980). In determining whether to grant a continuance, the court should consider the circumstances of the particular case, weighing the right of the party requesting the continuance to a fair hearing against the prejudice that may result from delay. *Lane v. Gooding*, 63

---

**9.** We recognize, as did the Court in *Lindsey v. Normet*, 405 U.S. 56, 65, 92 S.Ct. 862, 870, 31 L.Ed.2d 36 (1972), that "it is possible for this provision to be applied so as to deprive a tenant of a proper hearing in specific situations ...," i.e., that the denial of a continuance in some cases may result in a denial of due process. Here, however, the defendants never argued that the issues in their case were so complex as to mandate a continuance. *See* Part III *infra.* Therefore, we presume that the trial preparation time afforded was adequate for the issues presented, and we conclude that application of the accelerated trial provision here did not deny the defendants' due process rights.

Colo. 324, 327–28, 166 P. 245, 246 (1917). We see no abuse of discretion in this case.

■ The defendants' request for a continuance rested upon the unavailability of one of the defendants and of the defendants' counsel on the appointed trial date. Generally, the absence of a party is a good reason for granting a continuance. *Gonzales v. Harris,* 189 Colo. 518, 542 P.2d 842 (1975); *Gallavan v. Hoffner,* 154 Colo. 353, 390 P.2d 817 (1964); *Rausch v. Cozian,* 86 Colo. 389, 282 P. 251 (1929); *Lane,* 63 Colo. 324, 166 P. 245. Here, however, a serious question arose about Richard Farner's good faith in claiming unavailability. Farner indicated in his affidavit and before the court initially that he would be unavailable on the morning of August 29 only. When it appeared that agreement on a later trial date had been reached, Farner extended his purported period of unavailability to include the later trial date as well. Moreover, the defendants' request for a continuance was not their first attempt to postpone trial in this case. The defendants filed their answer on July 28; nonetheless, counsel did not meet to set a trial date until August 18. Plaintiffs' counsel told the district court, without contradiction, that the defendants had requested the delay in trial setting to attempt to secure sufficient funds to meet their contractual obligation. Under these circumstances, the district court justifiably could conclude that the defendants' request for a continuance was interposed solely for delay. *Compare Gonzales,* 189 Colo. at 520–21, 542 P.2d at 844 (continuance should be granted to ensure party's presence where it is first delay requested, the record indicates that the continuance was not sought for the purpose of hindrance or delay, and no inconvenience to other parties would result).

In addition, the record does not indicate that the defendants were likely to suffer any prejudice from the absence of their principal counsel. Alternate counsel from the defendants' counsel's law firm was available. The alternate counsel had eleven days to prepare for trial following the setting of a trial date and never alleged that this time was inadequate for trial preparation. *See Reynolds v. Campling,* 23 Colo. 105, 46 P. 639 (1896) (absence of counsel most familiar with case does not entitle party to continuance where associate counsel available). Given the circumstances of this case and the statutory preference for accelerated proceedings in F.E.D. actions, *see* Part I *supra,* the district court did not abuse its discretion in denying the defendants' motion to strike trial setting.

Judgment affirmed.