Dean A. **BITHELL,** Plaintiff–Appellant and Cross–Appellee,

v.

**WESTERN CARE CORPORATION; Lynn Bithell; Merle E. Lindley, and James R. Knowles, Defendants–Appellees and Cross–Appellants,**

and

**Paul R. Daraghy, individually and in his capacity as Associate Director, Health Facilities Administration, Colorado Department of Health, Defendant–Appellee.**

No. 86CA0540.

Colorado Court of Appeals, Div. IV.

April 28, 1988.

Rehearing Denied May 26, 1988.

Certiorari Denied Oct. 31, 1988.

Fish & Coles, D. Bruce Coles, Denver, for plaintiff-appellant and cross-appellee.

Yu, Stromberg & Huotari, P.C., Wallis S. Stromberg, Denver, for defendants-appellees and cross-appellants.

Hall & Evans, Daniel R. Satrinana, Jr., John E. Bolmer, II, Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, Dean A. Bithell, appeals the summary judgment entered against him on the majority of his claims and the dismissal with prejudice of his remaining claim against defendants, Western Care Corporation (Western Care), Paul R. Daraghy, Lynn Bithell, Merle E. Lindley, and James

R. Knowles. Western Care cross-appeals, asserting the trial court erred by not granting it a hearing to determine the attorney fees. We agree with plaintiff's contentions except those regarding summary judgment on his claims for deprivation of his First Amendment rights, breach of fiduciary duty, and outrageous conduct. Therefore, we reverse in part and affirm in part. We do not reach Western Care's cross-appeal.

The following facts appear from viewing the record in the light most favorable to the plaintiff, as is required in a review of a dismissal by summary judgment. *Zalnis v. Thoroughbred Datsun Car Co.*, 645 P.2d 292 (Colo.App.1982). Plaintiff and defendants Lynn Bithell, Lindley, and Knowles were shareholders in Western Care, a Utah corporation. Western Care acquired a nursing home facility in Lakewood, Colorado, and it was agreed that plaintiff would be employed to manage the facility.

Western Care and plaintiff executed a management agreement which provided that the term of the agreement was to continue until terminated and that either party had the right to terminate by giving written notice 30 days prior to the effective date of such termination. Conflicts over management and control of Western Care developed which led Lynn Bithell, Lindley, and Knowles, directors and officers of Western Care, to try to convince a majority of the remaining directors to declare the management agreement illegal. However, the agreement was reaffirmed by the Board.

Several days later Daraghy, Associate Director for Health Facilities Administration, Colorado Department of Health, telephoned Lynn Bithell and stated that plaintiff was out of control and causing numerous problems. He told Lynn Bithell that Western Care was going to lose its license if it did not remove plaintiff from his position.

Lynn Bithell, Lindley, and Knowles traveled to Denver to investigate the problems. They met with plaintiff and Daraghy and they heard Daraghy's complaints. They then consulted their attorney who advised them that, in his opinion, there did not exist a basis upon which their license could be summarily revoked.

Subsequently, an agreement was reached between defendants Lynn Bithell, Lindley, and Knowles, and plaintiff under which plaintiff would relinquish his rights under the management agreement and they would recommend to the corporation's other directors that the Lakewood nursing home be sold and that, upon sale, the stock of plaintiff be redeemed for its per share asset value. However, at the subsequent directors meeting these directors voted *not* to sell the nursing home. They also communicated the alleged problems Daraghy told them about and voted to terminate plaintiff's management agreement immediately.

Plaintiff filed this action seeking relief against defendant Western Care for willful breach of his management contract; against defendant Daraghy for intentional interference with contract and violation of 42 U.S.C. § 1983 (1982); and against defendants Lynn Bithell, Lindley, and Knowles for intentional interference, breach of fiduciary duties, and outrageous conduct. Daraghy, Lynn Bithell, Lindley, and Knowles moved for summary judgment on all the claims against them individually. The trial court granted summary judgments on all of those claims four days before the scheduled trial date which left for trial only plaintiff's claim against Western Care.

Three days before trial, plaintiff moved for a continuance on the basis that he was suffering from a severe mental depression which rendered him incapable of assisting with his trial. On the day of trial, he made an additional motion for continuance because his attorney's wife had been hospitalized with a life-threatening condition the day before the scheduled trial date. The trial court denied the continuance, but trailed the trial for 28 hours to allow another attorney at the law firm to prepare. The following day, alternate counsel appeared and renewed the motion for continuance stating he was not properly prepared to proceed.

The trial court denied the continuance and dismissed plaintiff's remaining claim with prejudice. Western Care then moved to dismiss without prejudice its counterclaims which were the only remaining issues. The trial court ordered them dismissed, and ordered the parties to pay their own costs and attorney fees.

### I—Continuance

The plaintiff asserts the trial court abused its discretion by denying him a continuance. We agree.

■ The decision to grant or deny a continuance lies within the sound discretion of the trial court and will not be set aside on appeal absent a clear abuse of that discretion. *Butler v. Farner*, 704 P.2d 853 (Colo. 1985). In making such decision, the trial court should consider the circumstances of the particular case, weighing the right of the party requesting the continuance to a fair hearing against the prejudice that may result from delay. *Butler v. Farner, supra.*

Here, plaintiff was notified, four days before trial, that the trial court had entered summary judgment against him on all of his claims except one. According to the allegations stated in the motion, this news precipitated a severe mental depression in the plaintiff diagnosed by his pyschotherapist as presenting a high suicide risk. His psychotherapist's opinion, presented by affidavit, was that plaintiff was incapable of assisting with the trial at that time, and he recommended forthwith hospitalization of the plaintiff. Plaintiff's request for a continuance was grounded, in part, upon his inability to be present at trial and help with the presentation of his case.

In denying the continuance, the trial court cited the fact that it was on an accelerated docket program which required it to reduce delays. It also concluded that a party's psychological reaction to a lawful order of the trial court should not be grounds for a continuance.

■ We conclude the trial court's denial of a continuance was an abuse of discretion for a number of reasons. First, this was the plaintiff's first request for a continuance and Western Care did not assert prejudice. *See Gonzales v. Harris*, 189 Colo. 518, 542 P.2d 842 (1975); *Valley National Bank v. Chaffin*, 718 P.2d 259 (Colo.App. 1986). Also, generally, the absence of a party is a good reason for granting a continuance. *Butler v. Farner, supra; Gonzales v. Harris, supra.* Furthermore, the trial court's concern for the prevention of delay should not prejudice the substantial rights of the parties by forcing them to go to trial without being able fairly to present their case. *Gonzales v. Harris, supra; see Lutz v. District Court*, 716 P.2d 129 (Colo. 1986).

Since we reverse the trial court's denial of a continuance on this basis, we need not address plaintiff's remaining contentions of error regarding denial of the continuance.

### II—Daraghy—Interference With Contract

The trial court's order entering summary judgment dismissing plaintiff's claim for intentional interference with contract against Daraghy stated: "As to Daraghy, no genuine issues as to material fact exist regarding the Third Claim. *See Trimble v. City & County of Denver*, 697 P.2d 716 (Colo.1985)." Plaintiff contends the trial court erred in entering summary judgment dismissing his claim. We agree.

■ Daraghy maintains plaintiff failed to allege or show any fact to support one of the elements of intentional inducement of breach of contract, *i.e.*, that he had knowledge of the contract between plaintiff and Western Care. However, plaintiff was required to show only that Daraghy had knowledge of facts which would lead him to inquire as to the existence of the contract. *Comtrol, Inc. v. Mountain States Telephone & Telegraph Co.*, 32 Colo.App. 384, 513 P.2d 1082 (1973).

The license application submitted to Daraghy was signed by plaintiff as "Administrator" of the nursing home. There was also some evidence to support the allegation that Daraghy had demanded removal of the plaintiff as on-site administrator. Therefore, there was at least a question of

fact whether Daraghy should have inquired as to the existence of a management contract between plaintiff and Western Care.

■ Daraghy also claims his action was "privileged" as part of his activities to oversee nursing home facilities on behalf of Colorado. A public official performing discretionary acts within the scope of his office enjoys qualified immunity in that he is shielded from liability for civil damages, but only insofar as his conduct is not willful, malicious, or intended to cause harm. *Trimble v. City & County of Denver, supra.*

The plaintiff raised a question of fact whether Daraghy acted in a malicious manner through the affidavit of Janet Ciuccio, Program Administrator for the Board of Examiners of Nursing Home Administrators, and the deposition of Beverly Beckman. Ciuccio attested that Daraghy reported to her that Beckman had told him that plaintiff underwent an emotional incident during a fire drill requiring fire officials to call police to subdue plaintiff, that he had to be sedated, and that it had been contemplated that a 72–hour hold be placed on plaintiff to determine whether plaintiff was a risk to himself or members of the public. Beckman, who was present at the fire drill, denies ever telling Daraghy about sedation or a mental health evaluation of the plaintiff. This deposition and affidavit raise an issue as to whether Daraghy's detrimental statements about plaintiff were truthful, and present a question of fact whether Daraghy acted maliciously.

■ Finally, Daraghy argues plaintiff has no basis for an action against him since the management agreement was a contract terminable-at-will. However, a contract terminable-at-will is entitled to protection from tortious unwarranted interference by third parties. *Zappa v. Seiver,* 706 P.2d 440 (Colo.App.1985).

Thus, since there remained genuine issues of material fact and a legal basis for the claim against Daraghy, entry of summary judgment was error. *Ginter v. Palmer & Co.,* 196 Colo. 203, 585 P.2d 583 (1978).

## III—*Daraghy—§ 1983*

The plaintiff asserts the trial court erred in granting summary judgment in favor of defendant Daraghy on plaintiff's 42 U.S.C. § 1983 claim. We agree in part.

Plaintiff claimed that Daraghy, in his capacity as Associate Director of Health Facilities Administration with the Colorado Department of Health, threatened and coerced Western Care into summarily terminating plaintiff as manager of the nursing home thereby depriving him of property interests without due process of law under the Fourteenth Amendment. The trial court granted summary judgment concluding plaintiff had no constitutionally protected property or liberty interest in his employment at Western Care. Since the management agreement provided either party could terminate the agreement through 30–days notice, the court reasoned that plaintiff had no reasonable expectation of continued employment.

In order to state a claim for relief pursuant to 42 U.S.C. § 1983, the claimant must establish the existence of a constitutionally protected property interest. *University of Colorado v. Silverman,* 192 Colo. 75, 555 P.2d 1155 (1976); *Dominquez v. Babcock,* 696 P.2d 338 (Colo.App.1984), *aff'd on other grounds,* 727 P.2d 362 (Colo.1986). The claimant must have a legitimate claim of entitlement to the property interest and not just a unilateral expectation. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Property interests are not created by the Constitution, but rather are created and defined by independent sources such as state law. *Board of Regents v. Roth, supra.*

■ Accordingly, the issue here is whether state law provides plaintiff a property right to continued employment pursuant to the terminable-at-will contract.

The parties to an employment-at-will contract may terminate the employment without cause or notice; therefore, an employee does not have a legitimate claim of entitlement to continued employment against the employer. *See Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987).

However, a contract terminable at will is entitled to protection from tortious unwarranted interference from third parties, and until terminated, an at-will contract is valid and subsisting, and a stranger to the contract has no right to interfere improperly with it. *Zappa v. Seiver, supra.*

Therefore, plaintiff had a legitimate claim of entitlement to continued employment pursuant to the contract until it was terminated by Western Care *without* tortious interference from Daraghy. Consequently, the same factual questions which existed regarding plaintiff's claim for intentional interference with contract against Daraghy existed regarding whether plaintiff had a property right to continued employment.

Furthermore, plaintiff also had a property interest in the 30 days of additional employment pursuant to the notice provision of the contract. This case is distinguishable from *Silverman* and *Dominguez* since plaintiffs in those cases sought to enter new contracts while this plaintiff was denied performance of an existing contract. Therefore, the trial court erred by entering summary judgment on plaintiff's § 1983 deprivation of property interest claim.

■ Plaintiff also claimed he was deprived of his rights to association and expression under the First Amendment because Daraghy acted in retaliation for his complaints to government authorities. The trial court order was silent regarding plaintiff's First Amendment claim under § 1983. However, the trial court struck the plaintiff's entire § 1983 claim from the complaint thereby inferentially granting Daraghy summary judgment on the First Amendment claim.

To show that termination of employment was unlawful retaliation for the exercise of First Amendment rights, the plaintiff must initially show his activities fall within the protection of the constitutional guarantee of freedom of speech. *Johnson v. Jefferson County Board of Health,* 662 P.2d 463 (Colo.1983). Once the movant for summary judgment makes a convincing showing that genuine issues are lacking, the opposing party must adequately demonstrate by relevant and specific facts that a real controversy exists. C.R.C.P. 56(e); *Ginter v. Palmer & Co., supra.*

Here, plaintiff failed to allege or make any factual showing of activities he engaged in which resulted in retaliatory action by Daraghy. Therefore, summary judgment was properly entered on this part of the § 1983 claim.

### IV—*Bithell, Lindley & Knowles—Interference With Contract*

■ The plaintiff asserts the trial court also erred by entering summary judgment in favor of defendants Lynn Bithell, Lindley, and Knowles on his claim for intentional interference with his contract with Western Care. We agree.

Plaintiff's claim stated that to induce breach of the management agreement, the defendants fabricated and published to the directors of Western Care false and defamatory statements regarding the legality and quality of plaintiff's conduct and actions under the management agreement. These defendants maintain and the plaintiff concedes they had a qualified privilege to communicate with the other corporate directors relating to the operations and matters of interest to their corporation as long as the communication was made in good faith and without malice or with reckless disregard of their veracity. *Dominguez v. Babcock,* 727 P.2d 362 (Colo.1986); *Denver Public Warehouse Co. v. Holloway,* 34 Colo. 432, 83 P. 131 (1905). While the question of whether the defendants have a qualified privilege is one of law for the court, the existence of malice is a question of fact to be determined by the jury. *Abrahamsen v. Mountain States Telephone & Telegraph Co.,* 177 Colo. 422, 494 P.2d 1287 (1972).

Plaintiff asserts facts which show that defendants solicited his resignation, agreeing to terms with him, but then failed to support those terms at the directors' meeting. Also, plaintiff alleges that defendants repeated the unconfirmed allegations of Daraghy and reported the operating license

was at risk because of plaintiffs acts, while knowing, but not revealing, that their attorney had advised them that Daraghy's threats had little or no legal merit.

We conclude there remains a question of material fact whether the defendants acted maliciously and thereby lost their qualified privilege. Hence, the trial court erred in granting summary judgment.

### V—*Bithell, Lindley & Knowles—Fiduciary Duty*

The plaintiff next argues the trial court erred in granting summary judgment on his claim for breach of fiduciary duties owed by Lynn Bithell, Lindley, and Knowles to plaintiff. We disagree.

Plaintiff maintains that he was a minority shareholder in Western Care and Lynn Bithell, Lindley, and Knowles were officers, directors, and shareholders who acted together with a controlling interest. He correctly asserts that directors of a corporation and its controlling stockholders owe a fiduciary duty to the remaining stockholders, and argues his contractual interests were closely intertwined with his stockholder interest; consequently, he asserts the rationale of *Security National Bank v. Peters, Writer & Christensen, Inc.*, 39 Colo.App. 344, 569 P.2d 875 (1977) and *Wright v. Bayly Corp.*, 41 Colo.App. 313, 587 P.2d 799 (1978) is persuasive.

The defendants concede these cases represent general corporation law which applies to this Utah corporation. However, they maintain this fiduciary duty was not owed to the plaintiff under these circumstances because plaintiff, pursuant to his management agreement, was acting in his capacity as an independent contractor with the corporation and not as a stockholder. We agree.

Both of the cases cited by plaintiff involved the right to sell stock or vote stock, activities central to the rights of stockholders. Plaintiff's case involves his right to manage Western Care's nursing home for which he received $4000 per month completely independent of his rights as a stockholder.

We conclude summary judgment was properly entered on this issue.

### VI—*Bithell, Lindley & Knowles—Outrageous Conduct*

Finally, the plaintiff asserts the trial court erred by entering summary judgment in favor of Lynn Bithell, Lindley, and Knowles on his claim for outrageous conduct. We disagree.

Conduct otherwise permissible may become extreme and outrageous if it is abused by an actor in actual or apparent authority over the other. *Zalnis v. Thoroughbred Datsun Car Co., supra.* It is a jury question whether conduct is sufficiently outrageous; however, the court must first determine whether reasonable persons could differ on the outrageousness issue. *Zalnis v. Thoroughbred Datsun Car Co., supra.*

We conclude the plaintiff failed to show an abuse of actual or apparent authority over him which reasonable persons could find to be outrageous conduct. Therefore, summary judgment was properly entered on this issue.

### VII—*Attorney Fees*

In view of our reversal of summary judgment on all but two of plaintiff's claims, we need not reach Western Care's cross-appeal based on the trial court's denial of a hearing to determine attorney fees pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl. Vol. 6A).

The part of the summary judgment entered against plaintiff on his claims for deprivation of his First Amendment rights, breach of fiduciary duty, and outrageous conduct are affirmed. The remainder of the judgment is reversed. The cause is remanded for trial on the remaining claims.

KELLY, C.J., and METZGER, J., concur.