Jennifer J. VOELKER, a minor BY her next friend, Gary E. VOELKER and Shirley A. Voelker, Gary E. Voelker and Shirley A. Voelker, Plaintiffs–Appellants,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5; Victoria Anne Timm, f/k/a Vicky Vosbeck; and Chris Walling, Defendants–Appellees.

No. 90CA1238.

Colorado Court of Appeals, Div. V.

May 7, 1992.

Rehearing Denied June 11, 1992.

Certiorari Granted Oct. 26, 1992.

Krell, Torigian & Power, Gary T. Cornwell, Houston, Tex., for plaintiffs-appellants.

Watson, Nathan & Bremer, P.C., J. Andrew Nathan, Christina M. Habas, Denver, for defendants-appellees Cherry Creek School Dist. No. 5 and Victoria Anne Timm.

Long & Jaudon, P.C., Dennis W. Brown, Denver, for defendant-appellee Chris Walling.

Opinion by Judge DUBOFSKY.

Plaintiff, Jennifer Voelker, by and through her parents, Gary E. Voelker and Shirley A. Voelker, appeals a judgment in favor of defendants based on her claims of negligence. We reverse.

Plaintiff brought this action to recover for injuries allegedly sustained in the course of her being a student attending school in Cherry Creek School District No. 5. She alleged that, through certain of the defendants' negligence, she was struck on the head by a book thrown by another student, Dake Schmidt, during a roughhousing incident involving Schmidt and defendant Walling.

Plaintiff also claims that, in a separate incident, the defendant School District was negligent in planning and supervising a volleyball team instructional class and, as a result, she was struck on the head by a ball.

Plaintiff alleges that, because her head was struck in these two incidents, she incurred significant injuries that have impacted her hearing, balance, and ability to concentrate as well as other aspects of her physical and mental well-being.

I.

On appeal, plaintiff primarily contends that the trial court erred in denying her request to have a late video deposition of her testimony taken or, alternatively, that the trial court erred in denying her motion to continue the trial date until a videotape deposition could be taken. Defendant essentially argues that plaintiff's counsel was derelict in not timely arranging for the video deposition of plaintiff. We agree with plaintiff.

This case was set for trial on April 16, 1990. Pursuant to the court's scheduling order, discovery was to be completed 30 days prior to trial. A discovery deposition of plaintiff was taken by defendants on August 10 and 11, 1989, but was not finished until February 19, 1990. The transcript for the last day of plaintiff's discovery deposition, February 19, 1990, was not received by plaintiff's counsel until March 21, 1990, some five days after the discovery cutoff date.

However, on March 16, 1990, plaintiffs filed a motion for enlargement of time in order to take the preservation video deposition. On March 27, 1990, plaintiff sent a notice setting the videotape deposition for April 9 and 10, 1990. Defendants then objected and moved for a protective order from the trial court to prevent the video deposition. Because the discovery deadline had expired, the trial court granted defendants' motion for protective order.

Because of plaintiff's medical condition, she was instructed by her physician not to return to Colorado and participate in the trial. Plaintiff's counsel maintains that, although he knew it was likely plaintiff's physician would reach this conclusion, it was not until March that it became certain that her physician opposed her participation in the trial. Indeed, one of the reasons her discovery deposition took three days was that she needed extra time breaks because of her ongoing dizziness and nausea problem.

Since plaintiff was not present at trial, the defendant's 386–page long discovery deposition of plaintiff was read into evidence during the trial.

■ Because it appeared that plaintiff's condition would not improve within the foreseeable future, the trial court did not err in denying the request for a continuance because of the possibility plaintiff might, at some point in time, get better. We further conclude, however, that the trial court abused its discretion in not ordering that the video preservation deposition of plaintiff be taken before the trial, or, if taking a video deposition at the time would have created a prejudicial hardship to defendants, then it erred in not granting a continuance of the trial date so that the video could be taken at a later time.

After reviewing the record, we conclude that in this case, the presentation of the plaintiff's testimony through a non-video discovery deposition was inadequate. Here, plaintiff's presence, either in person or by video, was necessary to communicate effectively her case and to give the fact-finder an opportunity to fairly judge her credibility.

■ Colorado courts have repeatedly recognized that requiring a party to "appear" through a discovery deposition is a wholly inadequate method to present such party's case. See *Gonzales v. Harris*, 189 Colo. 518, 542 P.2d 842 (1975); *Gallavan v. Hoffner*, 154 Colo. 353, 390 P.2d 817 (1964). Furthermore, the necessary absence of a party from a trial is a good reason for granting a continuance. *Butler v. Farner*, 704 P.2d 853 (Colo.1985); *Bithell v. Western Care Corp.*, 762 P.2d 708 (Colo.App. 1988). Moreover, continuances should be more readily granted if, as here, it is a party's first request for one. *Gonzales v. Harris, supra.*

Here, as in *Gonzales v. Harris, supra*, plaintiff's credibility concerning the facts underlying both the negligence and injury claims was critical to her case. Plaintiff's testimony on these issues differed dramatically from defendants' and the resolution of these differences was a central aspect of the case. Furthermore, here, as in *Gonzales v. Harris, supra*, the discovery deposition consisted of leading questions which significantly limited the opportunity for the plaintiff to give her side of the case and to explain fully her answers.

Defendant implicitly argues that, here, a non-video discovery deposition, when contrasted with a video deposition, provides an adequate means to present the plaintiff's case and thus differs from a situation in which a party is unable personally to appear and testify in the trial, but would be able to do so in the immediate future. We disagree that a non-video discovery deposition is comparable to a video preservation of testimony deposition in presenting a party's testimony.

In our view, the court's refusal, under the facts here, to permit the video deposition effectively denied this plaintiff her day in court. While a videotape deposition may not as effectively present the testimony of a party who could testify in person, it is far better than an adversarial "discovery" deposition or even a traditional testimonial deposition. It allows the fact-finder to observe demeanor and thereby better deter-

mine credibility disputes, and allows an ill party to present his or her case in a logical, explanatory, and effective manner. *See In re Agent Orange, Product Liability Litigation,* 28 Fed.R.Serv.2d 993 (N.Y.1980).

In contrast, the fragmented reading of long depositions by lawyers, or other stand-in people, can be very boring and can, therefore, result in the loss of attention by the fact-finder. *See* Dumbroff, *Videotape Depositions: Their Effective Use in Litigation,* Barrister 45 (Winter 1984); Underwood, *The Videotape Deposition: Using Modern Technology for Effective Discovery,* 31 Prac.Law. 61 (1985).

Furthermore, here, the trial court, merely by starting this month-long trial a day or two later, could have accommodated the interest of the plaintiff in providing her testimony through a videotape and the interest of defense counsel in adequately preparing for trial. Since the video testimony was in lieu of trial testimony much of the time involved with it was in reality trial and not discovery time.

■ For the latter reason, a trial court should not be unduly restrictive in allowing a moving party time to take a necessary preservation deposition prior to trial. If the party appeared personally and testified, opposing counsel would have had to spend part of the trial for the same purpose.

Here, during the few months before the trial, the parties were otherwise diligent in taking numerous depositions. Moreover, because of the lateness in completing a transcription of defendants' discovery deposition, it appears there was no time available before the discovery deadline to take a video deposition of the plaintiff.

■ The trial court's legitimate concern for the prevention of delay should not prejudice the substantial rights of parties by forcing them to go to trial without being able fairly to present their case. *Gonzales v. Harris, supra.* Furthermore, here the defendants resided in Colorado, and there was no claim that a continuance would present an undue hardship. *See Lane v. Gooding,* 63 Colo. 324, 166 P. 245 (1917).

For these reasons, we conclude that the trial court abused its discretion in denying plaintiff's motion to take a video deposition or, in the alternative, in failing to grant a brief continuance of the trial so that one could be taken.

## II.

Because they may arise again at the retrial of this case, we address two additional issues raised in this appeal.

### A.

Plaintiff claims that the trial court erred in refusing her "concerted" action instruction that would have imposed liability on Walling because of his joint (concerted) activity with Schmidt. Plaintiffs' tendered instruction on this theory was based on Restatement (Second) of Torts § 876 (1979). We perceive no error.

■ We agree with defendant Walling's arguments that § 13–21–111.5(1), C.R.S. (1987 Repl.Vol. 6A) does not permit a recovery against a defendant based on a joint/concerted action theory for cases filed after July 1, 1986, and before July 1, 1987. Before the latter date, this statute permitted an award of negligence based only on the particular tortfeasor's misconduct and, thus, did not permit a joint or concerted action theory of recovery. Hence, as to this action filed on October 3, 1986, the trial court ruling was correct.

We recognize that the General Assembly amended § 13–21–111.5 so that as of July 1, 1987, it now permits a recovery for personal injury because of the concerted actions of tortfeasors. However, this statutory amendment has no applicability here since this complaint was filed before July 1, 1987.

### B.

■ Plaintiff next argues that the trial court abused its discretion in refusing to permit plaintiff to introduce certain statutes and regulations to prove that defendant Timm was neither qualified to be nor actually certified as a middle school teach-

er. We agree that such evidence may be admissible on retrial.

If, at retrial, witnesses testify that defendant Timm was either qualified to be or was actually certified as a middle school teacher and plaintiff offers evidence which contradicts this testimony, the court must admit the contradictory evidence. *See Scognamillo v. Olsen,* 795 P.2d 1357 (Colo. App.1990).

Also, because of our reversal of the judgment and ordering a new trial, the cost issues raised by plaintiff are moot.

Plaintiff's remaining contentions are without merit.

The judgment is reversed, and the cause is remanded for new trial consistent with the views expressed herein. On retrial, if plaintiff shows that she is unable to be present, she should be allowed to present her testimony by videotape deposition.

REED and RULAND, JJ., concur.